Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@com.cast

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MYRNA ABAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMS COHEN & GRAY, INC.,<br><br>Defendants<br>_____/ | Case No.: 06-cv-2550 SBA<br><br>**DECLARATION OF IRVING L. BERG IN SUPPORT OF ATTORNEY'S FEES AND COSTS**<br><br>Date: December 19, 2006<br>Time: 1:00 p.m.<br>Judge Armstrong, Courtroom 3, 3d Floor<br>U.S.Distrcit Court<br>1301 Clay Street<br>Oakland    CA    94612 |

I, Irving L. Berg, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

This case began in mid-March, 2006, with a review of client's dealings with a company called Money Pal and letters received from its debt collector, Williams, Cohen & Gray, Inc., the Defendant herein.

A letter of representation was sent to Defendant on March 31, 2006, with a request for verification of the debt.

An internet search was made of the company to determine its business status, its consumer collection practice, and litigation brought by others against Defendant.

In response to the representation letter, several calls were received from the Defendant's personnel.

Meetings took place with the client regarding litigation, description of violations, and

general overview of the case.

On April 12, 2006, suit was filed in this Court with service of the Complaint and filing of related documents shortly thereafter.

In response to service, Plaintiff received several phone calls from Defendant denying liability. A Texas attorney, David Kountz, was reported to be Defendant's attorney on the matter. That representation was subsequently withdrawn.

Shortly after the report regarding Mr. Kountz, the Southern California firm of Carlson, Messer & Turner, LLP, advised of their representation of Defendant. Several discussions were held with this firm. Subsequently, they advised they would not continue representation, and that Defendant would be represented by the Sacramento office of Murphy, Pearson, Bradley & Feeney.

The lead counsel on the case was reported as June Coleman. A dispute as to service of the Complaint developed. However, that was resolved with Ms. Coleman executing a Waiver of Service of Summons with an Answer being made in mid-July, 2006. The Answer was not timely made, and monitoring the matter required Plaintiff's time.

Additional review of the facts disclosed that debt collector Karen Hunt, the signator on the letter, was liable, and she was added as a Defendant. Additionally, the class size was reduced to only include collection letters sent on behalf of Money Pal, and the California Rosenthal claim was eliminated. These amendments were viewed as making the litigation more economical. The First Amended Complaint ("FAC") was filed on May 24, 2006.

To assist in the representation of Plaintiff, attorney O. Randolph Bragg was invited to co-counsel on the case. Mr. Bragg is a nationally recognized expert in FDCPA litigation. Additional counsel was acceptable to Plaintiff, and the Court allowed his appointment.

The case was originally assigned to Magistrate Judge Edward M. Chen. Defendants, however, declined that assignment, and this case was thereafter assigned to this Court. A Case Management Schedule was issued, requiring a hearing on October 5, 2006, with a Case Management Statement filed ten days before the hearing.

Although Defendant did not timely file an Answer, Plaintiff served Initial Disclosures on

June 6, 2006, along with the statements required by F. R. C. P. 26(f). Also, Plaintiff served the First Set of Discovery seeking evidence to support issues alleged in the Complaint, and matters that might lead to an early resolution of the case.

Defendant responded to the discovery by objecting to each and every request that the discovery was premature. This time-wasting defense tactic required service of a Second Set of discovery requests, which Defendant did not answer at all. The absence of a response required a Motion To Compel which was set before Magistrate Judge Wayne D. Brazil. The hearing did not go forward, as Defendants made its Rule 68 offer, which was accepted, thereby ending the litigation.

This case should have been resolved by Defendant in its early stages, as the liability was clear under the Ninth Circuit ruling of Camacho v. Bridgeport Financial, 430 F.3d 1078 (9th Cir. 2005). Nonetheless, Plaintiff was required to prosecute the case to show consumer resolve and the need to comply with the FDCPA, which prosecution finally brought Defendants to accept the liability, change its collection letter, and agree to judgment.

Plaintiff's attorney asks for a customary fee allowed in contingent FDCPA cases. In a Consumer Credit Protection Act case, the fee is always contingent–not on the amount of damages, but on award by the court or agreement of opponent. In a private attorney general case, Congress encourages counsel to bring suit, recognizing that counsel cannot charge the client an hourly fee, because the fee may be out of proportion to the recovery.

In this case, a percentage of Plaintiff's recovery would be well less than $1,000.00. It is submitted that this sum would not adequately compensate counsel and would impede the Congressional directive of the private bar enforcing the FDCPA. .

Courts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases. The results in this case are $2,000.00 in statutory damages for Plaintiff and Defendants presumably correcting its collection letter. Because the statute itself limits damages, the amount of damages awarded does not justify a reduction in the attorney's fees.

In a Consumer Credit Protection Act case such as this one, the consumer award is often

limited by statute. There is little reason to look to the limited award of statutory damages to determine the reasonableness of attorneys' fees which are generated by the unlimited costs of litigation. The remedial/consumer protection purpose of the statute is undermined if relatively small dollar amount cases cannot fully compensate the attorneys who take them on.

      Attorneys' fees are central to the enforcement of the Consumer Credit Protection Act (of which the FDCPA is a part) by private attorneys general. The value of an attorney's services is not only measured by the amount of the recovery to the plaintiff, but also the non-monetary benefit accruing to others, in this case the public at large, from this successful vindication of a national policy to protect consumers.

Your declarant's rate of $425.00 per hour is charged in this consumer law case. Mr. Berg's experience is described in the memorandum filed concurrently and his experience is supported by the declaration of Mark Chavez and James Sturdevant filed in <u>Bracamonte v. Eskanos & Adler</u>, 2004 U.S. Dist. Lexis 8520 (N.D. Ca. May 7, 2004 ). Plaintiff's experience is comparable to fee awards made to attorneys locally and nationally in consumer cases. <u>Irwin v. Mascott</u>, 2002 U.S. Dist. Lexis (N.D. Ca.). Paul Arons ($350.00 per hour). <u>Nelson v. Select Financial Services</u>, 05- 3473 Doc # 21-1; October 22, 2000 (E.D. Pa. 2005), (C. Flitter $430.00 Per hour); <u>Barhart v. Safeway Stores</u>, 25 Fed. R. Serv.3d 35 (E.D. Ca 1992). (Jack Lee $350.00 per hour). These cases also show that attorneys' fees have increased over time.

Plaintiff's attorney, Irving L. Berg, has provided 29.35 hours of legal services, charged at a rate of $425.00/hour for fees of $12,473.75, and court costs of $350.00, for a total requested of $12,823.75 for attorney's fees and costs payable to Irving L. Berg.

Plaintiff's attorney, Irving L. Berg, attaches as <u>Exhibit A</u> a statement of time spent on the case, and has exercised billing judgment in reducing hours where the benefit was negligible.

Plaintiff has filed concurrently a statement of his experience as a consumer protection attorney, and in particular, providing protection through FDCPA litigation.

I declare under penalty of perjury that the foregoing statements are true and correct and

/ / /

/ / /

DECLARATION OF IRVING L. BERG IN                                                       ABAD v. WILLIAM COHEN et al.
SUPPORT OF ATTORNEY'S FEES AND COSTS    4                                  C 06-2550 SBA

/ / /

that this Declaration was executed at Corte Madera, California.

Dated: October 23, 2006           s/ Irving L. Berg
Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF