Mark E. Ellis - 127159
June D. Coleman - 191890
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Telephone:    (916) 283-8820
Facsimile:     (916) 283-8821

Attorneys for Defendant
WILLIAM, COHEN & GRAY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| MYRNA ABAD, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>WILLIAMS, COHEN & GRAY, INC.<br><br>     Defendant. | Case No.: C06-2550 SBA<br><br>**DECLARATION OF JUNE D. COLEMAN IN SUPPORT OF OPPOSITION RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**Date:  December 19, 2006**<br>**Time: 1:00 p.m.**<br>**Courtroom:  3** |

I, June D. Coleman, declare that:

1.      I am an attorney duly licensed to practice in all courts of the State of California, as well as all the federal courts in California and the Ninth Circuit Court of Appeals.  I am a partner with the law firm of Ellis, Coleman, Poirier, LaVoie, & Steinheimer, attorneys of record for Defendant WILLIAMS, COHEN & GRAY herein.  I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2.      I am a 1989 graduate of the California State University, Sacramento.  I graduated from McGeorge School of Law, University of the Pacific in 1997, with great distinction.  During law school, I was the Managing Editor of the Pacific Law Journal and I was a published member of that law review, with two articles.  In March 1999, I began as an associate attorney at Murphy, Pearson,

1  Bradley & Feeney. I opened my own firm in October of 2006, as a partner. I have also been a

2  member of the Anthony Kennedy Inns of Court for four years.

3      3.    I have practiced regularly and extensively in the areas of Fair Debt Collection Practices

4  Act defense; Fair Credit Reporting Act defense; including class action litigation; and I have done so for

5  the last 7 years. I am regularly retained throughout California, and throughout the nation, to defend

6  attorneys and debt collector who have been sued for collection law violations, but primarily those cases

7  are heard in the United States District Court for the Northern District of California. I have regularly

8  defended debt collectors and attorneys sued in both state and federal courts over the last 7 years. I also

9  regularly lecture and publish articles on the area of collection law. A representative list of numerous

10  published opinions and articles is attached hereto as **Exhibit V**.

11      4.    I am familiar with the competence, as well as the customary billing rates, of the

12  attorneys who routinely handle debt collection related cases and issues in Northern California.

13  Between April 2005 and March 2006, my average hourly billing rate for all of my clients that I was

14  actually paid is in the $175-$200 range. My regular billing rate actually paid by private paying clients

15  for defense of complex FDCPA cases is in the $200-$225 range.

16      5.    Almost all of my cases involve FDCPA or FDCPA-related causes of action. Moreover,

17  approximately 95% or more of the FDCPA cases that I oversee are venued in the Northern District of

18  California. My knowledge of customary billing rates in the Northern District of California is based on

19  (1) the billing rates I am able to obtain to litigate cases in the Bay area, (2) the billing rates that the

20  MPBF attorneys in San Francisco are able to obtain and be paid to litigate cases in the Bay area, (3)

21  my discussions with my clients and other business persons regarding hourly rates they pay attorneys in

22  the Bay area, (4) discussions with other attorneys regarding hourly rates they are paid in the Bay area.

23  I also base my opinion regarding reasonable market rates for the services provided on contested fee

24  applications I have reviewed and court orders awarding attorneys' fees.

25      6.    Based on my experience and personal knowledge, I believe that most if not all of my

26  clients would be unwilling to pay more than $250 per hour for my legal services, or the legal services

27  of any attorney for the services provided by plaintiff's counsel in this case.

28      7.    I have reviewed the various pleadings in this case filed by Mr. Berg, Mr. Bragg, and

1    me. I have also reviewed the correspondence between Mr. Berg/Mr. Bragg and me.

2       8.      Specifically, I have reviewed the Complaint, **Exhibit D**. I have also reviewed the

3    Amended Complaint, **Exhibit E**, which adds paragraphs 5 (regarding a new defendant who I am

4    informed and believe was not served) and 12 (which restates the claim raised in the second cause of

5    action in the original complaint, and which modifies paragraph 18, to narrow the class definition to a

6    certain creditor. Both of these complaints look strikingly similar to other complaints drafted by Mr.

7    Berg and Mr. Bragg. For instance, the same format of the complaint and identical allegations can be

8    found in the **Guevarra** Complaint, **Exhibit L**; and the **Camacho** Complaint, **Exhibit P**. Both of these

9    other cases involved the identical issue raised in the instant Abad case, and both plaintiffs were

10    represented by Mr. Berg and Mr. Bragg. I represented defendants in both cases. **Camacho** settled in

11    or about April 2006.

12       9.      I have reviewed defendant's Initial Disclosures, **Exhibit H**, which is strikingly similar

13    to other Initial Disclosures drafted by Mr. Berg and Mr. Bragg, including the **Guevarra** Initial

14    Disclosures, **Exhibit N**; and the **Camacho** Initial Disclosures, **Exhibit R**.

15       10.     I have also reviewed the case management conference statement jointly prepared by Mr.

16    Berg and Mr. Bragg and myself, **Exhibit J**, which is strikingly similar to other case management

17    conference statements drafted by Mr. Berg and Mr. Bragg, including the **Guevarra** case management

18    conference statement, **Exhibit O**; and the **Camacho** case management conference statement, **Exhibit**

19    **S**.

20       11.     I have reviewed the written discovery propounded by Mr. Berg and Mr. Bragg, a true

21    and correct copy of which is attached hereto as **Exhibits F and G**. Again remarkably, this written

22    discovery looks identical with other discovery plaintiff's counsel has propounded in other cases. For

23    instance, the discovery requests Mr. Berg and Mr. Bragg propounded in the **Guevarra** case, a true and

24    correct copy of which is attached hereto as **Exhibit M**; and the discovery propounded in the **Camacho**

25    case by Mr. Berg and Mr. Bragg, a true and correct copy of which is attached hereto as **Exhibit Q**.

26       12.     I have reviewed defendant's Rule 68 offer and plaintiff's acceptance thereto, which are

27    both attached to **Exhibit K**. This looks nearly identical to other Acceptances filed by Mr. Berg and

28    Mr. Bragg, including the Johnson Acceptance, **Exhibit T**

13.     All in all, plaintiff's two counsel would have this Court believe that this case, which involved one set of discovery requests and one set of discovery requests to fix their error, one one motion to compel, and one complaint and an unnecessary amended complaint justifies an award of fees and costs amounting to approximately $16,000. The result, which is $2,000 paid to Mr. Abad, does not justify the fees. And the work performed simply does not justify the fees. Plaintiff's requested attorneys' fees are simply unreasonable and the Court should award no more than $5,000.

14.     I have reviewed plaintiff's Motion for Attorneys' Fees, and supporting pleadings. Again, these are virtually identical to the fee motions that Mr. Berg and Mr. Bragg file on a routine bases – see for example, the Motion and supporting pleadings filed in **Defenbaugh b. JBC & Associates**, **Exhibit X**; the Motion filed in **Ventura v. Universal Communications Co.**, **Exhibit Y**; the Declaration of O. Bragg filed in the **Bracamonte v. Eskanos & Adler** case, **Exhibit Z**; and the Declarations of M. Chavez, R. Pearl, and P. Arons in **Wingate v. South San Francisco Scavenger Co., Inc.**, **Exhibit AA**. Notably, Mr. Berg's motion for attorneys' fees was uncontested in the **Bracamonte v. Eskanos & Adler** case, but the Court awarded less than the requested fees. I represented defendants in the **Bracamonte** case.

15.     It is my experience that some FDCPA cases are hotly contested and/or involve novel questions of law or difficult procedural issues. For instance, in **Irwin v. Mascott**, in which I was defense counsel, the Court addressed many novel issues which were hotly contested during that litigation. **Irwin** also involved difficult discovery issues, such as production of electronic data and how to review and analyze the data mirror imaged from the defendants' computer systems. The **Irwin** case involved numerous depositions- over a dozen days of deposition – of parties and non-parties, extensive and varied motion practice, and class certification of a class of approximately 600,000 class members. The **Irwin** matter has been before the Ninth Circuit on appeal three times, and has been litigated for more than 7 years. The **Irwin** case was complex legally, factually, and procedurally. Mr. Bragg were plaintiffs' counsel with another attorney in the **Irwin** case; Mr. Mark Ellis and I were defense counsel in the **Irwin** case.

16.     But, the limited litigation efforts expended on this case arise from the preparation of a two sets of cookie-cutter discovery and a cookie-cutter motion to compel, and the preparation of a

complaint and an unnecessary amended complaint. This case was not a complex case, legally or factually, and many of the services provided in this case could have been performed by a paralegal with a little oversight by Mr. Berg or Mr. Bragg.

17. Based upon my experience in the area of FDCPA litigation, and my personal knowledge of this case, in my opinion, I believe that the reasonable market rate for the legal services provided to Mr. Abad was in the $200-$250 range, or perhaps even less. This is based on the following facts:

(a) Most FDCPA cases are simple rather than complex, and the reasonable fees awarded in FDCPA cases involving contested motions are often as little as $5,000-$7,000. (See, e.g., **Savino v. Computer Credit, Inc.** (E.D.N.Y. 1999) 71 F.Supp.2d 173, 176-77 ("**Given the simplicity and routine nature of the issues that were eventually presented to the Court,**" reasonable fees for prosecuting 4 motions, including a motion for summary judgment, opposing a sanction motion, and conducting various discovery, including a deposition are approximately $4,000, derived from 20 hours at approximately $200 per hour); **Altergott v. Modern Collection Techs., Inc.** (N.D. Ill. 1994) 864 F.Supp. 778, 783 (reasonable fees for bringing 2 motions for summary judgment and opposing one, propounding discovery, moving to amend and then amending the complaint, drafting a protective order, moving to compel discovery, and defending plaintiff's deposition was $5,080, with a blended rate for 40 hours of approximately $127).)

(b) From my research and survey of FDCPA cases around the country and based on my experiences in the Northern District of California, the average reasonably hourly market rates awarded in FDCPA cases around the country is approximately $200, even if the case is venued in a District Court where hourly market rates are generally reputed to be higher, such as New York. (See, e.g., **Cooper v. Sunshine Recoveries, Inc.** (S.D.N.Y. 2001) 2001 U.S. Dist. LEXIS 8938, *12 (noting that "recent cases in New York City have awarded fees in FDCPA cases at rates of $175 and $200 per hour," citing cases, and holding that a reasonably hourly rate is $200); cf. **Hagan v. Mrs Assocs.** (E.D. La. 2001) 2001 U.S. Dist. LEXIS 6789, *10 n.11 (collecting recent FDCPA cases which awarded attorneys' fees at an hourly rate of $200 or less).)

(c) There are many Courts that have awarded Mr. Bragg significantly less than his requested $435 per hour rate in FDCPA cases, and sometimes he has even requested significantly

1  lower rates.  (See **Clark v. Bonded Adjustment Co., Inc.** (E.D. Wash. Nov. 23, 2004) case no. CV-

2  00-394-FVS, slip op., pp. 8-9 (awarding an hourly rate for Mr. Bragg of $225 for legal services to

3  prosecute a case that settled in April 2004) (**Exhibit BB**); **Wingate v. South San Francisco**

4  **Scavenger Co., Inc.** (ND. Cal. Mar. 3, 2003) case no. C 01-4334 VRW, slip op. (where the court

5  discusses the inadequacies of Richard Pearl's conclusions in his supporting declaration and concludes

6  that **Mr. Bragg's hourly rate should be $146 per hour for comparable services in an FDCPA**

7  **case**) (**Exhibit CC**); see also **Cope v. Duggins** (E.D. La. 2002) 203 F.Supp.2d 650, 655 (Bragg

8  indicates his hourly rate is $300, but requests that the Court approve fees for him at 42% of $300 per

9  hour, or $126 per hour); **In re Martinez** (S.D. Fla. Bkrptcy 2001) 266 B.R. 523, 542 ($200 billing rate

10 is reasonable in an FDCPA case); **Gradisher v. Check Enforcement Unit** (W.D. Mich. 2003) 2003

11 U.S. Dist. LEXIS 753, *10-11 (approving an hourly rate of $300 for Mr. Bragg, which was

12 uncontested, and rejecting an hourly rate of $400).)

13     (d)     The $200-$250 billing rate I opine is reasonable under the circumstances in this case is

14 in line with Mr. Ronald Wilcox's request and award for fees in a bankruptcy case.  This bases is one of

15 Mr. Pearl's benchmarks for establishing fees.  Mr. Wilcox practices in bankruptcy court and prosecutes

16 FDCPA actions in the Northern District of California, often times as co-counsel with Mr. Bragg.  On

17 January 10, 2004, Mr. Wilcox requested fees at the hourly rate of $240 per hour in the **Ventura v.**

18 **Universal Communications Co., Inc.**, an FDCPA case.  His request, which is attached to the Request

19 for Judicial Notice as **Exhibit DD**, is supported by his request for fees at a rate of a maximum of $240

20 per hour in a bankruptcy case, **In re Avery, Clifford & Beverly**, and the subsequent Order Approving

21 Attorney's Fees in the same case.  Both of these documents are attached to Mr. Wilcox's Request for

22 Fees, **Exhibit DD**.  Mr. Wilcox is an experienced FDCPA plaintiff's attorney, having filed over 90

23 FDCPA cases since June 2002.  A true and correct copy of a report from the Court's electronic filing

24 PACER system lists the 93 cases Mr. Wilcox has filed from June 19, 2002 through mid-2005 and is

25 attached hereto as **Exhibit EE**.  I am personally aware that Mr. Wilcox has associated with Mr. Bragg

26 to prosecute a number of FDCPA cases.

27     (e)     My hourly rate paid by defendant Williams, Cohen & Gray for representation in this

28 case, who is uninsured, was $200 per hour.  This hourly rate is fairly commensurate with the average

hourly rates paid by clients of my firm for litigation services in the Northern District of California in FDCPA litigation, albeit it might be a little on the low side of the market rate for such services.

(f)     My average hourly billing rate actually paid for more complex litigation services than performed here by plaintiff's counsel during the time this case was actually prosecuted, 2006, is in the $175 to $200 range.

(g)     The services provided by plaintiff's counsel in this case are not actually determined by clients, or the marketplace, as being worth $435 per hour or more. No client would pay such rates for the following work: Plaintiff's counsel prepared a cookie cutter complaint, which was unnecessarily amended to add a new defendant that was never served and a paragraph regarding a state law claim which was included in the original complaint, and narrowing the class definition when no more than 10 Californians were sent the letter at issue in this case, and thus class certification was impossible. Plaintiff's counsel prepared discovery requests that were of the same form as previously used by counsel, and then duplicated then into a second set of discovery when they realized that the first set of discovery did not reflect the allegations in the operative, amended complaint. Plaintiff's counsel accepted a Rule 68 offer. The sole issue in this case involved whether the inclusion of the phrase "in writing" was a violation of the Fair Debt Collection Practices Act, a legal issue that was extensively litigated by plaintiff's counsel in another case and the other case provided the only precedential authority for interpreting the specific provisions of the Fair Debt Collection Practices Act in the Ninth Circuit. Based on all of these facts, I do not believe that the services provided by plaintiff's counsel justified $300 per hour or more, and I am even hard pressed to say that their services justified $250 per hour.

18.     Based on, *inter alia*, the above facts, the hourly charges that are sought by Mr. Bragg and Mr. Berg are widely excessive for this non-complex case and they are clearly not within the reasonable range of market rates charged by private attorneys of similar skill, reputation, and experience in the Northern California area for comparable litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 29th day of November 2006, in Sacramento, California.

June D. Coleman

1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  433 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  O. Randolph Bragg, III (Bar #06221983)
   HORWITZ, HORWITZ & ASSOC.
6  25 E. Washington St., Suite 900
   Chicago, IL 60602
7  (312) 372-8822
   (312) 372-1673 (Fax)

8
   ATTORNEYS FOR PLAINTIFF
9

10             UNITED STATES DISTRICT COURT

11       FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  MYRNA ABAD, individually and on behalf     Case No.: C 06-2550
    of all others similarly situated,
15
                                              **PLAINTIFF'S FIRST SET OF DISCOVERY**
16                  Plaintiff,                **REQUESTS**
    v.
17
    WILLIAMS, COHEN & GRAY, INC.,
18
                  Defendants
19  _____/

20  PROPOUNDING PARTY:   Plaintiff, MYRNA ABAD

21  RESPONDING PARTY:    Defendant WILLIAMS, COHEN & GRAY, INC.

22  SET NO.:             One

23            **PLAINTIFF'S FIRST DISCOVERY REQUEST**

24       Plaintiff hereby requests that Defendant Williams, Cohen & Grey, Inc. respond to the

25  following requests for admissions, interrogatories and document requests.

26       Unless otherwise specified in a particular paragraph, provide the information and

27  documents requested for the time period April 12, 2005 through April 12, 2006.

28       FDCPA means the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*

EXHIBIT
F

1  Exhibit A means Exhibit A attached to the First Amended Complaint ("FAC").

2  Consumer means anyone who was sent Exhibit A during the one year period defined

3  above.

4  The Class refers to members of the putative class described in the FAC.

5  If you are declining to produce any document or respond to any paragraph in whole or in

6  part because of a claim of privilege, please: (a) identify the subject matter, type (*e.g.*, letter,

7  memorandum), date, and author of the privileged communication or information, all persons that

8  prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents

9  of each such communication or item of information have heretofore been disclosed, orally or in

10  writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is

11  claimed.

12  If any document requested was, but no longer is, in your possession or subject to your

13  control, please state: (a) the date of its disposition; (b) the manner of its disposition (*e.g.*, lost,

14  destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding

15  the disposition of the document.

16  If any paragraph of this request is believed to be ambiguous or unduly burdensome,

17  please contact the undersigned and an effort will be made to remedy the problem.

18

19  ## I. REQUESTS FOR ADMISSIONS

20  1.  Defendant is engaged in the business of collecting consumer debts and

21  regularly attempts and collects consumer debts allegedly owed to another.

22  **ANSWER:**

23

24  2.  Defendant uses the telephone and mails to collect debts owed or

25  asserted to be owed another.

26  **ANSWER:**

27

28  3.  Exhibit A was the initial communication sent to Plaintiff by Defendant.

**ANSWER:**

    4.    <u>Exhibit A</u> has been sent to at least 100 persons within the State of California.

**ANSWER:**

    5.    <u>Exhibit A</u> has been sent to at least 1,000 persons within the State of California.

**ANSWER:**

    6.    <u>Exhibit A</u> has been sent to at least 5,000 persons within the State of California.

**ANSWER:**

    **7.**    <u>Exhibit A</u> has been sent to at least 10,000 persons within the State of California.

**ANSWER:**

    8.    <u>Exhibit A</u> has been sent to at least 100,000 persons within the State of California.

**ANSWER:**

## II.  **INTERROGATORIES**

    1.    State the name, address, title and job description of each officer, director, partner, shareholder, and employee of Defendant who created, prepared, authorized, approved, or participated in the sending to consumers, collection letters in the form of <u>Exhibit A</u> attached to the complaint in an attempt to collect a debt which, according to defendant's records,

1  was incurred for personal, family, or household purposes.

2  **RESPONSE:**

3

4      2.     Identify by code name or number and date sent all documents

5  transmitted to Plaintiff by Defendant in effort to collect a debt allegedly owed by plaintiff.

6  **RESPONSE:**

7

8      3     State the date when Defendant began sending collection letters in the form

9  represented by <u>Exhibit A</u> and the date defendants stopped doing so.

10  **RESPONSE:**

11

12      4.     State the number of persons with addresses within California who were sent

13  collection letters in the form represented by <u>Exhibit A</u>.

14  **RESPONSE:**

15

16      5.     State the name and address of each person with an address within

17  California who was sent collection letters in the form represented by <u>Exhibit A</u>.

18  **RESPONSE:**

19

20      6.     State the amounts recovered by Defendant through use of <u>Exhibit A</u>.

21  **RESPONSE:**

22

23      7.     Describe, step-by-step, the process which resulted in <u>Exhibit A</u> being

24  transmitted to plaintiff, beginning with the date and method of transmission of debtor

25  information to defendants, *e.g.*, computer tapes or other media delivered (when, by whom, where

26  and to whom); content of computer tape or media; data input (where and by whom); computer

27  entry or other means of directing transmission letters (where and by whom entry made), letter

28  with debtor information printed (from where and by whom); letter with debtor information

mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**RESPONSE:**

8.. State the net worth of Defendant and how it was computed.

**RESPONSE:**

9. State the name and address of the creditor on whose behalf Defendant was seeking to collect a debt allegedly owed by Plaintiff and describe the contractual relationship between the Defendant and the creditor.

**RESPONSE:**

10. State the name, location, job title and description of each person who has worked in any respect regarding the Plaintiff's account.

**RESPONSE:**

11. Describe the training, including the title or other identifying information of manuals, memorandum, or other documents used, provided to those who have worked on Plaintiff's account.

**RESPONSE:**

12. Describe the maintenance of procedures by Defendant to ensure compliance with and avoid violation of the Fair Debt Collection Practices Act or to create a bona fide error defense.

**RESPONSE:**

14 Describe any insurance covering Defendant for the conduct alleged

1  in the Complaint.

2  **RESPONSE:**

3

4  ### III. REQUESTS FOR PRODUCTION OF DOCUMENTS

5  Please produce:

6  1.    One example of each form letter used by defendants in attempt to

7  collect a debt.

8  **RESPONSE:**

9

10  2.    All agreements between Defendant and the creditor regarding the

11  attempt to collect a debt from Plaintiff.

12  **RESPONSE:**

13

14  3.    The partnership agreement, articles of incorporation, or other

15  document creating Defendant.

16  **RESPONSE:**

17

18  4.    All minute books, stock record books, and other books and records

19  showing the organization and ownership of Defendant.

20  **RESPONSE:**

21

22  5    All documents regarding the names and addresses of person who have been sent

23  communications in the form of <u>Exhibit A</u> and the number of such communications sent to

24  consumers within California.

25  **RESPONSE:**

26

27  6.    All files relating to the creditor on whose behalf Defendant was

28  attempting to collect a debt from Plaintiff.

**RESPONSE:**


7    All manuals, instructions, guidelines, and other documents setting

forth  policies and procedures to be used by employees of Defendant with respect to collecting

debts.

**RESPONSE:**


8    All documents relating to the approval of the use of communications

in the form of <u>Exhibit A</u>.

**RESPONSE:**


9    All bills for services Defendant issued to the creditor on whose behalf Defendant

was attempting to collect a debt from Plaintiff.

**RESPONSE:**


10.    All documents, including without limitation computer records, which

refer or relate to plaintiff, or are retrievable under any number assigned to Plaintiff by Defendant.

**RESPONSE:**


11    All documents relating to any complaint or criticism by a California

consumer who received a communication in the form represented by <u>Exhibit A</u> from Defendant.

**RESPONSE:**


12    All documents relating to the policy and practice of Defendant  in

ensuring compliance with the federal Fair Debt Collection Practices Act.

**RESPONSE:**


13    All documents relating to the calculation of the net worth of Defendant.

**RESPONSE:**

    12.    All documents regarding lawsuits filed against Defendant regarding

<u>Exhibit A</u>.

**RESPONSE:**

Dated:  <u>June 10, 2006</u>               <u>   /s/               </u>
                                     Irving L. Berg
                                     THE BERG LAW GROUP
                                     433 Town Center, PMB 93
                                     Corte Madera, California 94925
                                     (415) 924-0742
                                     (415) 891-8208 (Fax)

                                     O. Randolph Bragg, Esq.
                                     HORWITZ, HORWITZ & ASSOC.
                                     25 E. Washington St., Suite 900
                                     Chicago, IL 60602
                                     (312) 372-8822
                                     (312) 372-1673 (Fax)

                                     ATTORNEYS FOR PLAINTIFF

1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  433 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  O. Randolph Bragg, Illinois (Bar #06221983)
   HORWITZ, HORWITZ & ASSOC.
6  25 E. Washington St., Suite 900
   Chicago, Illinois 60602
7  (312) 372-8822
   (312) 372-1673 (Fax)
8
   ATTORNEYS FOR PLAINTIFF
9

10            UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13

14  MYRNA ABAD, individually and on behalf     Case No.: C 06-2550
    of all others similarly situated,
15
                        Plaintiff.            **PLAINTIFF'S SECOND SET OF**
16  v.                                        **DISCOVERY REQUESTS**

17  WILLIAMS, COHEN & GRAY, INC., et al.

18            Defendants

19

20  PROPOUNDING PARTY:   Plaintiff, MYRNA ABAD

21  RESPONDING PARTY:    Defendant WILLIAMS, COHEN & GRAY, INC.

22  SET NO.:             Two

23        **PLAINTIFF'S SECOND DISCOVERY REQUEST**

24      Plaintiff hereby requests that Defendants Williams, Cohen & Grey, Inc. and Karen Hunter

25  respond to the following requests for admissions, interrogatories and document requests.

26      Unless otherwise specified in a particular paragraph, provide the information and

27  documents requested for the time period April 12, 2005 through April 12, 2006.

28      FDCPA means the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS        1              CASE NO. C 06-2550

EXHIBIT

G

1   CA FDCPA means the California Rosenthal Fair Debt Collection Practices Act, Cal.

2   Civil Code §§1788, *et seq.*

3       Exhibit A means Exhibit A attached to the First Amended Complaint ("FAC").

4       Consumer means anyone who was sent Exhibit A during the one year period April 12,

5   2005 through April 12, 2006.

6       The Class refers to members of the putative class described in the FAC.

7       If you are declining to produce any document or respond to any paragraph in whole or in

8   part because of a claim of privilege, please:  (a) identify the subject matter, type (*e.g.*, letter,

9   memorandum), date, and author of the privileged communication or information, all persons that

10  prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents

11  of each such communication or item of information have heretofore been disclosed, orally or in

12  writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is

13  claimed.

14      If any document requested was, but no longer is, in your possession or subject to your

15  control, please state: (a) the date of its disposition; (b) the manner of its disposition (*e.g.*, lost,

16  destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding

17  the disposition of the document.

18      If any paragraph of this request is believed to be ambiguous or unduly burdensome,

19  please contact the undersigned and an effort will be made to remedy the problem.

20

21                          **I.  REQUESTS FOR ADMISSIONS**

22      9.      Exhibit A has been sent to at least 40 persons within the State of California

23  regarding an obligation allegedly owed to Money Pal.

24

25  **ANSWER:**

26

27      10.     Exhibit A has been sent to at least 100 persons within the State of California

28  regarding an obligation allegedly owed to Money Pal.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS          2                    CASE NO. C 06-2550

1

2  **ANSWER:**

3

4      11.    Exhibit A has been sent to at least 500 persons within the State of California

5  regarding an obligation allegedly owed to Money Pal.

6

7  **ANSWER:**

8

9      12.    Exhibit A has been sent to at least 1000 persons within the State of California

10 regarding an obligation allegedly owed to Money Pal.

11

12 **ANSWER:**

13

14     13.    Exhibit A has been sent to at least 5,000 persons within the State of California

15 regarding an obligation allegedly owed to Money Pal.

16

17 **ANSWER:**

18

19     14.    Exhibit A has been sent to at least 10,000 persons within the State of California

20 regarding an obligation allegedly owed to Money Pal.

21

22 **ANSWER:**

23

24     15.    Karen Hunter is a debt collector.

25

26 **ANSWER:**

27

28

## II.  INTERROGATORIES

15.    State the true name, address, title and job description of Karen Hunter and her role in the creation, preparation, authorization, approval, or participation in the sending to Ms. Abad and the purported class members collection letters in the form of Exhibit A.

**RESPONSE:**

16.    State the number of persons with addresses within California who were sent collection letters in the form represented by Exhibit A regarding an obligation allegedly owed to Money Pal.

**RESPONSE:**

17.    State the name and address of each person with an address within California who was sent collection letters in the form represented by Exhibit A, regarding an obligation allegedly owed to Money Pal.

**RESPONSE:**

18..    State the net worth of Karen Hunter and how it was computed.

**RESPONSE:**

## III.  REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

13.    All documents regarding the number, names and/or addresses of person in California who have been sent letters in the form of Exhibit A regarding an obligation allegedly owed to Money Pal.

**RESPONSE:**

14.    All documents relating to the calculation of the net worth of Karen Hunter.

PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS          4                    CASE NO. C 06-2550

**RESPONSE:**

    15    All communications between Ms. Abad and Karen Hunter.

**RESPONSE:**

Dated: __June__ , 2006

                        /s/
                        Irving L. Berg
                        THE BERG LAW GROUP
                        433 Town Center, PMB 93
                        Corte Madera, California 94925
                        (415) 924-0742
                        (415) 891-8208 (Fax)

                        O. Randolph Bragg, Esq.
                        HORWITZ, HORWITZ & ASSOC.
                        25 E. Washington St., Suite 900
                        Chicago, IL 60602
                        (312) 372-8822
                        (312) 372-1673 (Fax)

                        ATTORNEYS FOR PLAINTIFF

1        U. S. DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3        SAN FRANCISCO DIVISION

4   <u>**Abad v. Williams, Cohen & Gray, Inc.,**</u>

5   U. S. District Court Case No.: C 06-2550

6              **PROOF OF MAILING**

7       I declare I am over the age of eighteen years of age and not a party to the within case. My
    business address is 433 Town Center, PMD 493, Corte Madera, CA 94925. On the date set forth below, I

8   served the:

9       **PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

10  by first class, United States mail, postage prepaid at Corte Madera, County of Marin, State of California,
    and addressed to those parties listed below.

11      I declare under penalty of perjury that the foregoing is true and correct.

12  Dated:  __June 17, 2006__

13                                          Irving L. Berg

14
15  June Koper, Esq.
    Murphy, Pearson, Bradley &
16  Feeney
    701 University Avenue, Suite
17  150
    Sacramento, CA  95825

18

19

20

21

22

23

24

25

26

27

28                                              PROOF OF MAILING

# Calendar Event Report

**989108.2 / ZZTM**

**Team - Ellis**

---

**6/17/2006**    **ABAD v. WILLIAMS, COHEN & GRAY -- Plt served Rogs, RFA & RPD, #2 on def - JDK**

7/20/2006    ABAD v. WILLIAMS, COHEN -- L/D for Def. to respond to Rogs, RFA & RPD, #2 - JDK

Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

O. Randolph Bragg, III. (Bar #06221983)
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL 60602
(312) 372-8822
Facsimile: (312) 372-1673

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MYRNA ABAD, individually and on behalf of all others similarly situated, | Case No.: C 06-2550 |
| Plaintiff, | **PLAINTIFF'S INITIAL DISCLOSURES [RULE 26(a)(1)]** |
| v. | |
| WILLIAMS, COHEN & GRAY, INC., | |
| Defendants | |

The following are Plaintiff's Initial Disclosures:

A.     The name, address, and telephone number of each individual likely to have discoverable information that the Plaintiff may use to support the claim:

Plaintiff, whose address and telephone number may be obtained through her counsel. Plaintiff will testify as to receipt of Exhibit A to the First Amended Complaint ("FAC"). Plaintiff will also testify that she will fairly and adequately protect the interests of the class.

B.     A copy of all documents in possession, custody or control of the Plaintiff

EXHIBIT

H

be used to support her claim: <u>Exhibit A</u> to the FAC.

      C.     A computation of damages claimed by disclosing party:

          1.     violation of the FDCPA:

              (a) up to $1,000.00, for the named Plaintiff,

              (b) for all other class members a sum not to exceed the lesser of

$500,000.00, or 1 per centum of the net worth of Defendant;

          2.     violation of the CA FDCPA:

              (a) additional sum of up to $1,000.00 for the named Plaintiff,

              (b) for all other class members, an additional sum not to exceed the lesser

of $500,000.00, or 1 per centum of the net worth of Defendant;

          3.     reasonable attorney's fees and costs.

      D.     Insurance:  None.

Dated:  June 10, 2006

                                          /s/
                                        Irving L. Berg
THE BERG LAW GROUP
433 Town Center, PMB 93
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg, III
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington, Suite 900
Chicago, IL  60602
(312) 372-8822
(312) 372-1673 (Fax)

ATTORNEY FOR PLAINTIFF

Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (FAX)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROL P. GUEVARRA, individually and on behalf of all others similarly situated,, | Case No.: C 05- 3466 VRW |
| Plaintiff, | **PLAINTIFF'S FIRST DISCOVERY REQUEST** |
| v. | |
| PROGRESSIVE FINANCIAL SERVICES, INC., | |
| Defendant. | |
| _____ / | |

## PLAINTIFF'S FIRST DISCOVERY REQUEST

Plaintiff hereby requests that Defendant Progressive Financial Services, Inc. respond to the following requests for admissions, interrogatories and document requests.

Unless otherwise specified in a particular paragraph, provide the information and documents requested for the time period August 26, 2004 through August 26, 2005. .

FDCPA means the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*

Exhibit A means Exhibit A attached to the Complaint.

Consumer means anyone who was sent Exhibit A during the one year period defined above.

The Class refers to members of the putative class described in the Class Action Complaint.

1

**EXHIBIT**

tabbies

M

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (*e.g.*, letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (*e.g.*, lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## I. **REQUESTS FOR ADMISSIONS**

1.      Defendant is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another.

**ANSWER:**


2.      Defendant uses the telephone and mails to collect debts owed or asserted to be owed another.

**ANSWER:**


3.      Exhibit A was the initial communication sent to Plaintiff by Defendant.


**ANSWER:**

4.     <u>Exhibit A</u> has been sent to at least 100 persons within the State of California.

**ANSWER:**

5.     <u>Exhibit A</u> has been sent to at least 1,000 persons within the State of California.

**ANSWER:**

6.     <u>Exhibit A</u> has been sent to at least 5,000 persons within the State of California.

**ANSWER:**

7.     <u>Exhibit A</u> has been sent to at least 10,000 persons within the State of California.

**ANSWER:**

8.     <u>Exhibit A</u> has been sent to at least 100,000 persons within the State of California.

**ANSWER:**

## II.   INTERROGATORIES

1.     State the name, address, title and job description of each officer, director, partner, shareholder, and employee of Defendant who created, prepared, authorized, approved, or participated in the sending to consumers, collection letters in the form of <u>Exhibit A</u>

3

attached to the complaint in an attempt to collect a debt which, according to defendant's records, was incurred for personal, family, or household purposes.

**RESPONSE:**

2.     Identify by code name or number and date sent all documents transmitted to Plaintiff by Defendant in effort to collect a debt allegedly owed by plaintiff.

**RESPONSE:**

3     State the date when Defendant began sending collection letters in the form represented by <u>Exhibit A</u> and the date defendants stopped doing so.

**RESPONSE:**

4.     State the number of persons with addresses within California who were sent collection letters in the form represented by <u>Exhibit A</u>.

**RESPONSE:**

5.     State the name and address of each person with an address within California who was sent collection letters in the form represented by <u>Exhibit A</u>.

**RESPONSE:**

6.     State the amounts recovered by Defendant through use of <u>Exhibit A</u>.

**RESPONSE:**

7.     Describe, step-by-step, the process which resulted in <u>Exhibit A</u> being transmitted to plaintiff, beginning with the date and method of transmission of debtor information to defendants, *e.g.*, computer tapes or other media delivered (when, by whom, where

4

and to whom); content of computer tape or media; data input (where and by whom); computer

entry or other means of directing transmission letters (where and by whom entry made), letter

with debtor information printed (from where and by whom); letter with debtor information

mailed (from where and by whom), computer tapes or media returned (on what occasion, when,

by whom and to whom).

**RESPONSE:**

8.. State the net worth of Defendant and how it was computed.

**RESPONSE:**

9. State the name and address of the creditor on whose behalf

Defendant was seeking to collect a debt allegedly owed by Plaintiff and describe the contractual

relationship between the Defendant and the creditor.

**RESPONSE:**

10. State the name, location, job title and description of each person who

has worked in any respect regarding the Plaintiff's account.

**RESPONSE:**

11. Describe the training, including the title or other identifying

information of manuals, memorandum, or other documents used, provided to those who have

worked on Plaintiff's account.

**RESPONSE:**

12. Describe the maintenance of procedures by Defendant to ensure

5

1  compliance with and avoid violation of the Fair Debt Collection Practices Act or to create a bona

2  fide error defense.

3  **RESPONSE:**

4

5      14      Describe any insurance covering Defendant  for the conduct alleged

6  in the Complaint.

7  **RESPONSE:**

8

9          **III.  REQUESTS FOR PRODUCTION OF DOCUMENTS**

10         Please produce:

11     1.      One example of each form letter used by defendants in attempt to

12  collect a debt.

13  **RESPONSE:**

14

15     2.      All agreements between Defendant and the creditor regarding the

16  attempt to collect a debt from Plaintiff.

17  **RESPONSE:**

18

19     3.      The partnership agreement, articles of incorporation, or other

20  document creating Defendant.

21  **RESPONSE:**

22

23     4.      All minute books, stock record books, and other books and records

24  showing the organization and ownership of Defendant.

25  **RESPONSE:**

26

27

28                              6

5    All documents regarding the names and addresses of person who have been sent communications in the form of Exhibit A and the number of such communications sent to consumers within California.

**RESPONSE:**

6.    All files relating to the creditor on whose behalf Defendant was attempting to collect a debt from Plaintiff.

**RESPONSE:**

7    All manuals, instructions, guidelines, and other documents setting forth  policies and procedures to be used by employees of Defendant with respect to collecting debts.

**RESPONSE:**

8    All documents relating to the approval of the use of communications in the form of Exhibit A.

**RESPONSE:**

9    All bills for services Defendant issued to the creditor on whose behalf Defendant was attempting to collect a debt from Plaintiff.

**RESPONSE:**

10.    All documents, including without limitation computer records, which refer or relate to plaintiff, or are retrievable under any number assigned to Plaintiff by Defendant.

**RESPONSE:**

7

1    11    All documents relating to any complaint or criticism by a California

2 consumer who received a communication in the form represented by <u>Exhibit A</u> from Defendant.

3 **RESPONSE:**

4

5    12    All documents relating to the policy and practice of Defendant  in

6 ensuring compliance with the federal Fair Debt Collection Practices Act.

7 **RESPONSE:**

8

9    13    All documents relating to the calculation of the net worth of Defendant.

10 **RESPONSE:**

11

12    12.    All documents regarding lawsuits filed against Defendant regarding

13 <u>Exhibit A</u>.

14 **RESPONSE:**

15

16

17

18 Dated: _S-09.06_

19                                        Irving L. Berg (SBN 36273)
                                          THE BERG LAW GROUP
20                                        433 Town Center, No. 493
                                          Corte Madera, California 94925
21                                        (415) 924-0742
                                          (415) 891-8208 (FAX)
22
                                          ATTORNEY FOR PLAINTIFF
23

24

25

26

27

28                        8

## **CERTIFICATE OF SERVICE**

I, Irving L. Berg, hereby certify that on May 9, 2006 the foregoing document was sent by

first class U.S. Mail and facsimile transmission to:

> June Koper
> Mark Ewell Ellis
> MURPHY, PEARSON, BRADLEY & FEENEY
> 701 University Avenue
> Suite 150
> Sacramento, CA 95825
> (916) 565-1636 Facsimile

Irving L. Berg

9

1   Irving L. Berg (SBN 36273)
    THE BERG LAW GROUP
2   433 Town Center, PMB 493
    Corte Madera, California 94925
3   (415) 924-0742
    (415) 891-8208 (Fax)
4   irvberg@comcast.net (e-mail)

5   ATTORNEY FOR PLAINTIFF

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  CAROL P. GUEVARRA, individually and on    Case No.: C 05-3466 VRW
    behalf of all others similarly situated,
13                                            PLAINTIFF'S INITIAL DISCLOSURES
                    Plaintiff,                [RULE 26(a)(1)]
14  v.

15  PROGRESSIVE FINANCIAL SERVICES.
    INC.,
16
                    Defendant.                          /
17

18

19      The following are Plaintiff's Initial Disclosures:

20      A.    The name, address. and telephone number of each individual likely to have

21  discoverable information that the Plaintiff may use to support the claim:

22      Plaintiff, whose address and telephone number may be obtained through her counsel.

23  Plaintiff will testify as to receipt of Exhibit A to the Complaint.  Plaintiff will also testify that she

24  will fairly and adequately protect the interests of the class.

25      B.    A copy of all documents in possession, custody or control of the Plaintiff that may

26  be used to support her claim:  Exhibit A to the Complaint.

27      C.    A computation of damages claimed by disclosing party:  up to $1,000.00, for the

28  named Plaintiff, and for all other class members a sum not to exceed the lesser of $500,000.00,

                                      1

EXHIBIT

N

ORIGINAL

1   or 1 per centum of the net worth of Defendant, reasonable attorney's fees and costs.

2       D.    Insurance: None.

3

4   Dated: _12.20.05_

    Irving L. Berg
5   THE BERG LAW GROUP
    433 Town Center, PMB 93
6   Corte Madera, California 94925
    (415) 924-0742
7   (415) 891-8208 (Fax)

8   ATTORNEY FOR PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center No. 493
Corte Madera. CA 94925
(415) 924-0742
(415) 924-7884 (Fax)

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St., Suite 900
Chicago, Illinois 60602
(312) 372- 8822
(312) 372-1673 (FAX)

Attorneys for Plaintiff RITA CAMACHO

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA CAMACHO, an individual on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC., a California Corporation, and CHRISTINA HARBRIDGE, RAY LEWIS, individuals<br><br>Defendants. _____/ | Case No.: C 04- 0478 CRB<br><br>**PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** |

Plaintiff Rita Camacho hereby requests that Defendant Bridgeport Financial, Inc.

respond to the following requests for admission, interrogatories and document requests.

FDCPA means Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

Exhibits A refers to Exhibit A attached to the complaint.

Plaintiff refers to Rita Camacho.

Defendant refers to Bridgeport Financial, Inc.

**EXHIBIT**

tabbies®

Q

Unless otherwise specified in a particular paragraph, provide the information and documents from February 4, 2003 until February 4, 2004.

If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as <u>Exhibit 1</u>. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## I. **REQUEST FOR ADMISSIONS**

1.      Defendant regularly attempts to collect debts alleged to be another.

**ANSWER:**

2.      Defendant caused to be mailed a letter (Exhibit A to the Complaint) dated June 18, 2003, to Plaintiff in an attempt to collect an alleged debt to Into Video.

**ANSWER:**

3.      <u>Exhibit A</u> stated that the alleged Into Video debt of Ms. Camacho was $42.57.

**ANSWER:**

    4.     Defendant was attempting to collect an alleged debt to Into Video incurred by plaintiff for personal, family or household purposes.

**ANSWER:**

    5.     Letters in the form of Exhibit A have been sent to more than 50 California residents.

**ANSWER:**

    6.     Letters in the form of Exhibit A have been sent to more than 100 California residents.

**ANSWER:**

    7.     Letters in the form of Exhibit A have been sent to more than 500 California residents.

**ANSWER:**

    8.     Letters in the form of Exhibit A have been sent to more than 1000 California residents.

**ANSWER:**

    9.     Letters in the form of Exhibit A have been sent to more than 5000 California residents.

## II. INTERROGATORIES

    1.     State the name, address, title and job description of each officer, director, partner and employee of defendant who authorized, approved, or directed the mailing of letters in the form of Exhibit A in an attempt to collect a debt.

**RESPONSE:**

    2.     State the job, title, business and home address of Ray Lewis, his date of

initial employment and if no longer employed by Defendant, the date of his termination and reason thereof.

**RESPONSE:**

      3.     State the location ( address including floor or suite) and owner of the copier, printer, or other mechanical device which printed collection letters in the form represented by Exhibit A and identify the person(s) who operate the mechanical device to produce collection letters in the form represented by Exhibit A.

**RESPONSE:**

      4.     State the number of persons with addresses within California who were sent collection letters in the form of Exhibit A.

**RESPONSE:**

      5.     State the names and addresses of each person with an address within California who were sent collection letters in form of Exhibit A which were not returned as undelivered by the U.S. Post Office.

**RESPONSE:**

      6.     Describe step-by-step the process which resulted in the preparation of Exhibit A and transmittal to plaintiff.

**RESPONSE:**

      7.     State the net worth of the defendant and how it was computed.

**RESPONSE:**

      8.     State the name and address of the creditor on whose behalf defendant was seeking to collect a debt owed by plaintiff, describe the contractual relationship between the defendant and the creditor, and identify by name and address of the creditor's liaison with defendant.

**RESPONSE:**

      9.     Describe any and all procedures employed by defendant to avoid violations

of the FDCPA.

**RESPONSE:**

10.     State the name, address, and coverage of defendant's insurance carrier(s).

### III.   REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce:

1.     One example of each form letter used by defendant in attempt to collect a debt of the creditor.

**RESPONSE:**

2.     All agreements between Defendant, and the creditor regarding the attempt to collect a debt from plaintiff.

**RESPONSE:**

3.     The partnership agreement, articles of incorporation, or other document creating Defendant.

**RESPONSE:**

4.     All minute books and other books and records showing the organization and ownership of Defendant.

**RESPONSE:**

5.     All documents showing the names and addresses of persons who were sent communications in the form of Exhibit A which were returned as undelivered and the number of returned mailings.

**RESPONSE:**

6.     All files relating to plaintiff.

**RESPONSE:**

7.     All personnel files relating to Ray Lewis.

**RESPONSE:**

8.     All files relating to the creditor on whose behalf defendant was attempting to collect a debt.

**RESPONSE:**

9.     All manuals, instructions, guidelines, and other documents setting forth policies and procedures to be used by employees of defendant with respect to collecting debts.

**RESPONSE:**

10.     All documents relating to the creation, approval, and use of communications in the form of Exhibit A.

**RESPONSE:**

11.     All bills for services Defendant issued to the creditor on whose behalf defendant was attempting to collect a debt from plaintiff.

**RESPONSE:**

12.     All documents, including without limitation computer records, which refer or relate to plaintiff, or are retrievable under any number assigned to plaintiff by defendant.

**RESPONSE:**

13.     All documents relating to any complaint or criticism by a California person or entity regarding the form represented by Exhibit A.

**RESPONSE:**

14.     All documents relating to the policy and practice of defendant in ensuring compliance with Fair Debt Collection Practices Act.

**RESPONSE:**

15.     All documents relating to amounts collected from California consumers after sending letters in the form of Exhibit A.

**RESPONSE:**

16.     All documents relating to defendant's insurance coverage for claims set forth in this lawsuit.

**RESPONSE:**

17.    All documents relating to the net worth of defendant.

Dated: <u>April 29, 2004</u>

_____
Irving L. Berg

THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg

HORWITZ, HORWITZ & ASSOC.
25 E. Washington St, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Fax)

Attorneys for Plaintiff RITA CAMACHO

Exhibit 1

## INSTRUCTIONS AND DEFINITIONS

### Definitions

A.     The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B.     References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its

merged or acquired predecessors.

C.     "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.     "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.     "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.     "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.     "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H.     "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

### Instructions

1.     All documents within your possession, custody, or control or that of your

agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated, | Case No.: C 04- 0478 CRB |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | |
| BRIDGEPORT FINANCIAL, INC., a California Corporation, and CHRISTINA HARBRIDGE, RAY LEWIS, individuals, | |
| Defendants. | |

_____/

## PROOF OF SERVICE

I declare I am over the age of eighteen years of age and not a party to the within case. My business address is 433 Town Center, #493, Corte Madera, CA 94925. On the date set forth below, I served the document described below by U.S. first class mail, with postage prepaid at Corte Madera, California, addressed to the following parties:

### PLAINTIFF'S FIRST DISCOVERY REQUESTS

| | |
|---|---|
| June D. Coleman | O. Randolph Bragg |
| Murphy, Pearson, Bradley & Feeney | Horwitz, Horwitz and Associates |
| 701 University Avenue, Suite 150 | 25 East Washington Street, Suite 900 |
| Sacramento, CA 95825 | Chicago, IL 60602 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: __April 28, 2004__

_____
Irving L. Berg
Attorneys for Plaintiff

Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RITA CAMACHO, on behalf of herself and
all others similarly situated,

                Plaintiff,

v.

BRIDGEPORT FINANCIAL, INC., a
California Corporation, and CHRISTINA
HARBRIDGE, RAY LEWIS, individuals,

                Defendants.

_____/

Case No.: C 04- 0478 CRB

**PLAINTIFF'S INITIAL DISCLOSURES**

      Pursuant to Rule 26(a)(1) of the Fed. R. Civ. P. Plaintiff makes the following Initial

Disclosures:

      A.      The name, address of each individual likely to have discoverable information that

the Plaintiff may use to support her claim.

          Rita Camacho
          167 Valmar Terrace
          San Francisco, CA 94112-2157

      B.      A copy of all documents in possession, custody or control of the Plaintiff that she

may use to support her claim.

**EXHIBIT**

R

Collection notice attached to the Complaint as <u>Exhibit A</u>

C.    A computation of damages claimed by disclosing party :

Up to $1000.00 for the named Plaintiff,  for all class members a sum not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendants, reasonable attorneys' fees and costs.

D.    Copies of any insurance agreement:

None.

Dated:   April 22, 2004

Irving L. Berg

THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Fax)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC., a California Corporation, and CHRISTINA HARBRIDGE, RAY LEWIS, individuals,<br><br>Defendants. | Case No.: C 04- 0478 CRB<br><br>**PROOF OF SERVICE** |

_____/

## PROOF OF SERVICE

I declare I am over the age of eighteen years of age and not a party to the within case. My business address is 433 Town Center, #493, Corte Madera, CA 94925. On the date set forth below, I served the document described below by U.S. first class mail, with postage prepaid at Corte Madera, California, addressed to the following parties and by facsimile transmission at their designated facsimile numbers:

### PLAINTIFF'S INITIAL DISCLOSURES

| | |
|---|---|
| June D. Coleman<br>Murphy, Pearson, Bradley & Feeney<br>701 University Avenue, Suite 150<br>Sacramento, CA 95825<br>(916) 565-1636 (Fax) | O. Randolph Bragg<br>Horwitz, Horwitz and Associates<br>25 East Washington Street, Suite 900<br>Chicago, IL 60602<br>(312) 372-1673 (Fax) |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: __April 22, 2004__

Irving L. Berg
Attorneys for Plaintiff

## Representative Articles

"*Is Your Attorney Meaningfully Involved in Your Collection Process?*," which was published in both COLLECTORS INK, vol XLVI, no. 6 (Cal. Assoc. of Collectors July 2001) and MAPBULLETIN, vol 6, nos. 10 and 11 (Am. Collectors Assoc. Oct. – Nov. 2001).

"*Tales from the Front Line: The Rosenthal FDCPA*," COLLECTORS INK, vol. XLXI, no. 2 (Cal. Assoc. of Collectors Feb. 2006).

Reviewed and edited for publication **Legal Guide for Women**, published by the American Bar Association in 2004.

## Representative Published Opinions

*Abels v. JBC Legal Group, Inc.* (N.D. Cal. 2006) 434 F.Supp.2d 763 (FDCPA, Rosenthal FDCPA)

*Palmer v. Stassinos* (N.D. Cal. 2006) 236 F.R.D. 460 (FDCPA, Unfair Business Practices)

*Abels v. JBC Legal Group, Inc.* (N.D. Cal. 2006) 233 F.R.D. 645 (FDCPA, Rosenthal FDCPA)

*Palmer v. Stassinos* (N.D. Cal. 2006) 233 F.R.D. 546 (FDCPA, Unfair Business Practices)

*Trevino v. ACB American, Inc.* (N .D. Cal. 2006) 232 F.R.D. 612 (FDCPA)

*Canlas v. Eskanos & Adler* (N.D. Cal. Nov. 7, 2006) 2006 WL 3227873 (FDCPA)

*Palmer v. Stassinos* (N.D. Cal. Sept. 14, 2006) 2006 WL 2642530 (FDCPA)

*Carrizosa v. Stassinos* (N.D. Cal. Aug 31, 2006) 2006 WL 2529503 (FDCPA, Unfair Business Practices)

*Palmer v. Stassinos* (N.D. Cal. Aug 18, 2006) 2006 WL 2411413 (FDCPA, Unfair Business Practices)

*Carrizosa v. Stassinos* (N.D. Cal. Jun 06, 2006) 2006 WL 1581953 (FDCPA, Unfair Business Practices)

*Camacho v. Bridgeport Financial, Inc.* (9th Cir. 2005) 430 F.3d 1078 (FDCPA)

*Abels v. JBC Legal Group, Inc.* (N.D. Cal. 2005) 428 F.Supp.2d 1023 (FDCPA, Rosenthal FDCPA)

*Johnson v. AMO Recoveries* (N.D. Cal. 2005) 427 F.Supp.2d 953 (FDCPA)

*Palmer v. Stassinos* (N.D. Cal. 2005) 419 F.Supp.2d 1151 (FDCPA, Unfair Business Practices)

*Roybal v. Equifax* (E.D. Cal. 2005) 405 F.Supp.2d 1177 (FCRA, FDCPA, Fair Credit Billing Act)

*Palmer v. Stassinos* (N.D. Cal. 2005) 348 F.Supp.2d 1070 (FDCPA, Unfair Business Practices)

*Abels v. JBC Legal Group, Inc.* (N.D. Cal. 2005) 229 F.R.D. 152 (FDCPA, Rosenthal FDCPA)



***Abels v. JBC Legal Group, Inc.*** (N.D. Cal. 2005) 227 F.R.D. 541 (FDCPA, Rosenthal FDCPA)

***Abels v. JBC Legal Group, Inc.*** (N.D. Cal. Oct. 19, 2005) 2005 WL 3839308 (FDCPA, Rosenthal FDCPA)

***Johnson v. Credit Int'l, Inc.*** (N.D. Cal. July 28, 2005) 2005 WL 2401890 (FDCPA, Unfair Business Practices)

***Minick v. Tate & Kirlin Associates*** (N.D. Cal. July 05, 2005) 2005 WL 1566548 (FDCPA)

***Irwin v. Mascott*** (9th Cir. 2004) 370 F.3d 924 (FDCPA, Unfair Business Practices)

***Bracken v. Harris & Zide*** (N.D. Cal. 2004) 219 F.R.D. 481 (FDCPA)

***Defenbaugh v. JBC & Associates, P.C.*** (N.D. Cal. Aug 10, 2004) 2004 WL 1874978 (FDCPA)

***Littledove v. JBC, Inc.*** (E.D. Cal. 2001) 2001 U.S. Dist. LEXIS 139 (FDCPA, Unfair Business Practices)

***Irwin v. Mascott*** (N.D. Cal. 2000) 112 F.Supp.2d 937 (FDCPA, Unfair Business Practices)

***Irwin v. Mascott*** (N.D. Cal. 2000) 94 F.Supp.2d 1052 (FDCPA, Unfair Business Practices)