UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRNA ABAD, | No. C-06-2550 SBA (JCS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES [Docket No. 27]** |
| WILLIAMS, COHEN & GRAY, INC., ET AL., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. and the California Fair Debt Collection Practices Act ("CA FDCPA"), Cal. Civ. Code §§ 1788 *et seq.* The parties reached a settlement under Rule 68 of the Federal Rules of Civil Procedure. Subsequently, Plaintiff filed a Motion for an Award of Costs and Attorney Fees (the "Motion"), which was referred to the undersigned magistrate judge for a report and recommendation. On Friday, March 23, 2007, at 1:30 p.m., a hearing was held on the Motion. On March 28, 2007, Plaintiff filed additional materials in response to questions raised by the Court at the hearing.[1] For the reasons stated below, it is recommended that the Motion be GRANTED in part and DENIED in part.[2] Plaintiff should be awarded $8,458.00 in fees and costs.

---

[1] The Court grants Plaintiff's Motion to Supplement Cited Authorities [Docket No. 54], filed along with the additional materials.

[2] The Court notes that Defendant has filed objections to evidence submitted by Plaintiff. Because the Court does not rely on the challenged evidence, the Court need not rule on those objections.

## II. BACKGROUND

Plaintiff is an individual who resides in Pacifica, California. Complaint, ¶ 3. Defendant Williams, Cohen & Gray, Inc. is in the business of debt collection.[3] Complaint, ¶ 4. On April 12, 2006, Plaintiff filed a complaint on behalf of herself and others similarly situated, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. and the California Fair Debt Collection Practices Act ("CA FDCPA"), Cal. Civ. Code §§ 1788 *et seq.*, by sending a demand letter to Plaintiff, dated March 13, 2006, that misrepresented Plaintiff's rights with respect to an alleged debt owed to Money Pal. In particular, the letter stated that the recipient was required to notify Defendant "in writing" if she disputed the validity of the debt Defendant was attempting to collect. Complaint, ¶¶ 7-10.

After the case was filed, Plaintiff's counsel, Irving Berg, invited attorney O. Randolph Bragg to assist him in the case and Bragg filed a Motion for Leave to Appear Pro Hac Vice on behalf of Plaintiff. *See* Declaration of Irving L. Berg in Support of Attorney's Fees and Costs ("Berg Decl.") at 2.

On May 24, 2006, Plaintiff amended her complaint to add as a defendant the individual who signed the March 13, 2006 letter, Karen Hunter. First Amended Complaint ("FAC"), ¶ 5. She also added a paragraph alleging that the March 13, 2006 letter did not include the Rosenthal Fair Debt Collection Practices Act notice that is required under California law. FAC, ¶ 12. Finally, she narrowed the class definition from all recipients of the letter sent to Plaintiff, *see* Complaint, ¶ 18, to those recipients who received the letter in connection with a debt owed to Money Pal. FAC, ¶ 18.

On June 6, 2006, Plaintiff served her initial disclosures, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Berg Decl. at 2-3.

On June 10, 2006, Plaintiff served her first set of discovery requests. Declaration of June D. Coleman in Support of Opposition re Plaintiffs Motion for Attorney's Fees ("Coleman Decl."), Ex. F

---

[3] Although Plaintiff named an additional defendant in the First Amended Complaint, that Defendant was never served. Hereinafter, references to "Defendant" refer to Williams, Cohen & Gray, Inc.

(Plaintiff's First Set of Discovery Requests). On June 17, 2006, Plaintiff served her second set of discovery requests. *Id*., Ex. G.

On July 20, 2006, Defendant responded to Plaintiff's Second Set of Discovery Requests. *See* Plaintiff's Motion to Compel Defendants to Respond to Discovery Requests ("Motion to Compel"), Set Two, Ex. A (Defendants' responses). In its responses, Defendant objected that the discovery request was premature because the complaint had not been properly served until June 28, 2006. Defendant stated that it would serve responses, if appropriate, 33 days after June 28, 2006. Defendant did not serve any additional responses and Plaintiff filed a Motion to Compel on September 9, 2006. That Motion was referred to Magistrate Judge Wayne Brazil and a hearing was set for October 18, 2006.

The October 18, 2006 hearing did not occur, however, because on September 26, 2006 – one day before Defendant's opposition to the Motion to Compel was due – Defendant served on Plaintiff an offer of settlement under Rule 68 of the Federal Rules of Civil Procedure. Plaintiff accepted that offer of settlement on October 3, 2006. Under the Rule 68 offer, Defendant agreed to pay Plaintiff $2,000.00 and "all reasonable attorneys' fees, costs and litigation expenses through the conclusion of this litigation in an amount determined by the Court."

Plaintiff now seeks a determination regarding the amount of reasonable attorneys' fees and costs. In her Motion, she asks that the Court award attorneys' fees in the amount of $15,532.75 and costs in the amount of $560.00 for a total of $16,092.75. In particular, Plaintiff seeks: 1) $12,473.75 for the services of Irving Berg, that is 29.35 billable hours at a rate of $425.00/hour; 2) $3,015.00 for the services of O. Randolph Bragg, that is 6.7 hours at a rate of $450.00/hour; 3) $44.00 for the services of paralegal Shannon Carter, that is .4 hours at a rate of $110.00/hour; 4) $325.00 court filing fee; 5) $25.00 in photocopying and postage costs incurred by Irving Berg; 6) $210.00 pro hac vice fee for O. Randolph Bragg.

In a supplemental declaration filed after the Motion was fully briefed, Plaintiff requests additional fees for work completed after the Motion was filed, in October 2006. *See* Supplemental Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for Award of Costs and Attorney Fees ("Bragg Supp. Decl."). Specifically, Plaintiff requests: 1) $495.00 for 1.1 hours of Bragg's

3

1  time;[4] and 2) $840.00 for 4.2 hours of work completed by Bragg's third year associate, Craig
2  Shapiro, at a requested rate of $200.00/hour.  He states that he has exercised billing judgment in
3  choosing not to seek fees for 3.2 hours that were incurred in connection with the case since October
4  2006, including .7 hours spent on the case by law clerk Shannon Carter.

5        Defendant does not dispute that Plaintiff is entitled to reasonable fees and costs under the
6  Rule 68 settlement.  It argues, however, that the amount sought is excessive, both because the rates
7  charged by attorneys Berg and Bragg are too high and because the time billed is not reasonable. In
8  contesting the hourly rates sought for work by Berg and Bragg, Defendant asserts that little litigation
9  activity occurred in this case and that the case was relatively simple.  It also points out that some
10 recent decisions have found that attorneys' fees should be set in the $200.00 range in FDCPA cases.
11 *See, e.g., Camacho v. Bridgeport Fin., Inc.*, 2007 WL 196681 (N.D. Cal. Jan. 24, 2007) (awarding
12 fees in FDCPA case for work performed by Berg and Bragg at a rate of $200.00/hour and holding
13 that "a reasonable rate for fee for an action brought for the violation of a mandatory provision of the
14 FDCPA is $200.00 per hour").  Finally, Defendant distinguishes a decision by the undersigned
15 magistrate judge awarding fees in an FDCPA case for work by O. Randolph Bragg at a rate of
16 $435.00/hour.  *See Defenbaugh v. JBC & Assocs., Inc.*, 2004 WL 1874978 (N.D. Cal. Aug. 10,
17 2004), *aff'd* 2006 U.S. App. LEXIS 19930 (9th Cir. July 24, 2006) (unpublished memorandum
18 disposition).

19       With respect to the time billed, Defendant makes the following specific objections:

20       1)  **Complaint and First Amended Complaint**: The time billed for
      drafting the complaint and the first amended complaint is excessive,
21       given that it is boilerplate and the changes in the amended complaint
      were minor.

22       2) **Discovery Requests:** The time billed for the discovery requests is
23       excessive because: a) the second set appears to have been necessary in
      part to correct errors in the first set, namely, failure to incorporate the
24       narrower class definition adopted in the First Amended Complaint;
      and b) the discovery requests were boilerplate, being almost identical

---

[4] In the declaration, the amount requested is stated as $675.00.  It is apparent that this amount was an error in calculation.

4

to discovery requests used by Berg in another case, *Guevarra v. Progressive Financial Services*.[5]

3) **Initial Disclosures:** The time billed for Plaintiff's initial disclosures is excessive in light of the fact that this pleading is very similar to the initial disclosures served in *Guevarra* and another case in this Court, *Camacho v. Bridgeport Financial Inc.*[6]

4) **Motion to Compel:** The amount sought for work related to the Motion to Compel is excessive because: a) it includes time entries for preparation of the motion *after* the motion was already filed; and b) it includes time spent on a response to a request for a continuance that was never filed.

5) **Joint Case Management Statement and Case Management Order:** The time billed for the joint case management statement is excessive in light of the fact it is very similar to case management statements Berg filed in *Guevarra* and another case. In addition, the time billed for reviewing the Court's case management order is excessive.

6) **ADR Paperwork:** The time billed for completing an ADR form and statement is excessive.

7) **Work Completed After Rule 68 Offer:** The time billed between service of the Rule 68 offer by Defendant and acceptance by Plaintiff was simply "make shift work to increase fees" and should be reduced.

8) **Fee Motion:** The time billed for preparation of the fee motion is excessive considering it is nearly identical to fee motions Berg has filed in other cases, including the fee motion in *Defenbaugh v. JBC and Associates*.[7]

9) **Overhead Costs:** The fees sought include overhead costs that should not be awarded because they would not be billed to a client.

10) **Fees for O. Randolph Bragg and his law clerk, Shannon Carter:** Bragg's fees should be denied in their entirety because the Court did not grant his pro hac vice request; at a minimum, the fee award should be reduced to exclude the fees incurred by Bragg before he was retained as counsel.

---

[5] *See* Coleman Decl., Ex. M (Discovery Request in *Guevarra*).

[6] *See* Coleman Decl., Ex. N (*Guevarra* Initial Disclosures) and R (*Camacho* Initial Disclosures).

[7] *See* Coleman Decl., Ex. X (*Defenbaugh* Attorney Fee Motion).

5

## III. ANALYSIS

### A. Legal Standard

In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210-11; *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) (holding that district court abused its discretion in ERISA case when it awarded attorneys' fees at a rate of $250.00/hour, even though the only evidence in the record indicated that attorneys in relevant legal market charged $375.00 - $400.00/hour for similar work). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan,* 814 F.2d at 1263. "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In calculating the lodestar, the Court should consider any of the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976), that are relevant. *Jordan*, 815 F.2d at 1264 n.11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in Kerr). In *Kerr*, which was decided before the lodestar approach was adopted by the Supreme Court as the starting point for determining reasonable fees in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Ninth Circuit adopted the 12-factor test

6

articulated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974).  This analysis looked to the following factors for determining reasonable fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skilled requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

It is up to the party seeking an award of fees to submit evidence supporting the hours worked and the rates claimed. *Hensley, supra*, 461 U.S. at 433.  To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1212.  However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262.  An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not recovering any fees. *Chalmers*, 796 F.2d at 1212.  A reduced fee award is appropriate where a plaintiff achieves only partial or limited success. *Hensley*, 461 U.S. at 436.  To be compensable, an attorney's time must be "reasonable in relation to the success achieved." *Id*.  When accounting for limited success, a court may eliminate specific hours in calculating the lodestar, or it may simply reduce the award. *Id*.

### B.     Reasonableness of Hourly Rates

Plaintiff asserts that in determining the amount of  reasonable attorneys' fees in this case, the Court should apply a rate of $425.00 for Irving Berg and $450.00 for O. Randolph Bragg. Defendant, on the other hand, asserts that these rates are excessive.  In particular, Defendant's counsel, June Coleman, states in her declaration that based on her own experience litigating FDCPA cases, most clients would be unwilling to pay more than $250.00/hour. *See* Coleman Decl., ¶ 6. Similarly, Mark Ellis, a shareholder in the law firm that represents Defendant and a practitioner with extensive experience in the area of FDCPA cases, states that "most if not all of my clients would be

7

unwilling to pay more than $250 per hour for my legal services, or the legal services of any attorney for the services provided by plaintiff's counsel in this case." *See* Declaration of Mark E. Ellis in Support of Opposition to Motion for Attorneys' Fees ("Ellis Decl."), ¶ 8. For the reasons stated below, the Court concludes that a reasonable rate for O. Randolph Bragg is $435.00/hour. A rate of $350.00/hour should be awarded for the work of Irving Berg.[8]

### 1. O. Randolph Bragg

In support of Mr. Bragg's requested rate of $450.00/hour, Plaintiff submits Mr. Bragg's own declaration. Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees ("Bragg Decl."), ¶ 11. According to his declaration, Mr. Bragg graduated from law school in 1973, then worked at Legal Services Corporation-funded programs for over two decades. Bragg Decl. ¶ 2. He set up a solo practice limited to consumer rights litigation in September 1995 and merged his practice with Horwitz, Horwitz & Associates in 1997, where he continued to limit his work to representing individuals in consumer issues. *Id.* at ¶ 3-4. He is a contributing author to the National Consumer Law Center's *Fair Debt Collection* (4th ed. 2000) and its 2003 supplements, was previously a member of the Board of Directors of the National Association of Consumer Advocates, and has lectured on consumer law issues to professional groups such as the National Consumer Law Center, the North American Collection Agency Regulatory Association, and the Michigan State Bar. (*Id.* at ¶¶ 5-7).

In support of his hourly rate, Mr. Bragg cites to two decisions by this Court, *Defenbaugh v. JBC & Assocs.*, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004), and *Irwin v. Mascott*, Case No. C-97-4737 JL (N.D. Cal. Sept. 11, 2002). Bragg Decl., ¶ 11. In *Irwin*, the court awarded fees for work by Mr. Bragg at $400.00/hour. In *Defenbaugh*, the Court awarded $435.00/hour for Mr. Bragg's work. Both *Defenbaugh* and *Irwin* were FDCPA cases. Defendants, assert, however, that *Irwin* was more factually and legally complex than this case. *See* Ellis Decl., ¶¶ 26-27.

---

[8] Defendant does not challenge the rate of $110.00/hour that Plaintiff seeks for law clerk Shannon Carter. Accordingly, it is recommended that that rate be used in determining reasonable fees. Further, Defendant stipulated at oral argument that the rate of $200.00/hour for associate Craig Shapiro is reasonable.

8

The Court finds that the awards in *Irwin* and *Defenbaugh* – which specifically address Mr. Bragg's reasonable hourly rate – offer more persuasive evidence than do the declarations by Ellis and Coleman stating that in general a reasonable rate in FDCPA cases is $250.00/hour. *See United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d at 407. To the extent that *Defenbaugh* was decided more recently than *Irwin*, the Court concludes that the higher rate adopted in *Defenbaugh* is appropriate here. The Court declines to reduce the rate awarded on the basis that *Irwin* and/or *Defenbaugh* were more complex than the case here. Rather, the Court takes into account the relatively straightforward nature of this case in determining the number of hours that were reasonably incurred, as discussed below.

The Court notes that Mr. Bragg was recently awarded fees at a rate of $200.00/hour by another judge of this Court in *Camacho v. Bridgeport Fin., Inc.*, 2007 WL 196681 (N.D. Cal. Jan. 24, 2007) (attached as Ex. GG to Defendant's Notice of Recent Decision). In that case, the Court relied on cases from other jurisdictions to make a general finding that "a reasonable rate for fees for an action brought for the violation of a mandatory provision of the FDCPA is $200.00 per hour." *Id.* at 2. On that basis, the court assigned the same rate to all three attorneys for whom fees were sought. Because the court in that case did not cite evidence showing that it considered either the prevailing rates in the relevant market or the specific qualifications of the individual attorneys' involved, the Court does not find *Camacho* persuasive.

### 2. Irving Berg

In support of Mr. Berg's requested rate of $425.00/hour, Plaintiff submits a declaration by Mr. Berg. Declaration of Irving L. Berg in Support of Plaintiff's Motion for Attorney's Fees – Consumer Law Experience ("Berg Decl. re Consumer Law Experience"). According to his declaration, Mr. Berg was admitted to practice law in 1965 after he graduated from Golden Gate University. *Id.*, ¶ 1. He started his own practice a year later and has practiced consumer and bankruptcy law since that time. *Id.* He lists 30 FDCPA cases in which he has appeared. *Id.*, ¶ 8. In a separate declaration, Mr. Berg supported his rate as follows:

> Your declarant's rate of $425 per hour is charged in this consumer law case. Mr. Berg's experience is described in the memorandum filed

9

> concurrently and his experience is supported by the declaration of Mark Chavez and James Sturdevant in *Bracamonte v. Eskanos & Adler*, 2004 U.S. Dist. Lexis 8520 (N.D. Cal. May 7, 2004).

Declaration of Irving L, Berg in Support of Attorney's Fees and Costs ("Berg Decl."). The Chavez Declaration, dated October 28, 2004, was filed in another FDCPA case in this district, *Bracamonte v. Eskanos & Adler, P.C.*, Case No. 03-1821, and states that $345.00/hour is a reasonable rate for Berg. Reply to Court Order of March 23, 2007 and Motion to Supplement Cited Authorities ("Plaintiff's Supp. Brief"), Ex. B. The Sturdevant Declaration, also filed in *Bracamonte*, states that the rate sought for Berg in that case ($345.00/hour) is reasonable. *Id.*, Ex. A.

Finally, Berg cites to cases in which other attorneys have been awarded fees ranging from $350.00 to $430.00/hour). *See Irwin v. Mascott*, Case No. C-97-4737 JL (N.D. Cal. Sept. 11, 2002) (assigning a rate of $350.00/hour for the work of attorney Paul Arons in FDCPA case); *Nelson v. Select Fin. Servs.*, 2006 U.S. Dist. Lexis 42637 (June 8, 2006) (awarding fees in FDCPA case for work by attorney with 25 years of experience at a rate of $430.00/hour based on opposing party's "utter failure to dispute [Plaintiff's] fees with the requisite specificity"); *Chaid v. Glickman*, 1999 WL 33292940 (N.D. Cal. Nov. 17, 1999) *4-5 (awarding fees to attorney Jack Lee in employment discrimination case at a rate of $350.00/hour).

Considering the various declarations and decisions, the Court finds that the declarations by Chavez and Sturdevant in *Bracamonte* and the court's decision in *Irwin* provide the most persuasive evidence of a reasonable rate for Mr. Berg: the *Bracamonte* declarations address what constitutes a reasonable rate specifically for Mr. Berg, while the *Irwin* case addresses the reasonableness of rates charged in *this* district with respect to FDCPA litigation. Based on this evidence, the Court concludes that a reasonable hourly rate for Mr. Berg is $350.00/hour.

**C.     Reasonableness of Time Spent**

Defendant asserts that the time billed in this case is excessive. The Court agrees. This case was straightforward. Both attorneys involved were extremely experienced in FDCPA litigation, and the written discovery and pleadings in the case were largely boilerplate. Under these circumstances, the Court concludes that the time sought by Plaintiff is substantially inflated. The Court addresses each of Defendant's objections below.

10

### 1.    **Complaint and First Amended Complaint**

Plaintiff seeks fees for 4 hours of Mr. Berg's time to prepare the original complaint and another 2.1 hours of Mr. Bragg's time to amend the complaint. The Court concludes that this is excessive. The original complaint is almost identical to complaints prepared by Mr. Berg for other clients. *See* Coleman Decl. ¶ 8 & Exs. L (*Gueverra* Complaint), P (*Camacho* Complaint). The very minor changes made by Mr. Berg should reasonably have incurred no more than .5 hours. Similarly, the changes made in the First Amended Complaint were extremely minor and should have taken Mr. Bragg no more than .5 hours. Therefore, it is recommended that 3.5 hours for Mr. Berg and .6 hours for Mr. Bragg be deducted from the fee award on this basis.

### 2.    **Discovery Requests**

Plaintiff seeks fees for 2 hours of Mr. Berg's time to prepare the First Set of discovery and .2 hours of his time for the Second Set. In addition, Plaintiff seeks fees for .9 hours of Mr. Bragg's time for preparation of the Second Set. The Court concludes this time is excessive. First, the discovery propounded is, again, almost identical to discovery propounded in *Guevarra* and *Camacho*. *See* Coleman Decl., ¶ 11 & Ex. M (*Guevarra* Discovery Request), Q (*Camacho* Discovery Request). Second, a comparison of the First and Second Sets reveals that the Second Set corrects an apparent error in a number of the requests for admission and interrogatories in the First Set to more accurately reflect the class definition in the First Amended Complaint. In other words, the Second Set was necessitated, at least in part, by counsel's error in the First Set. Under these circumstances, the Court concludes that the combined time that would have been reasonable with respect to this discovery is .5 hours for Mr. Berg and .5 hours for Mr. Bragg. Accordingly, it is recommended that 1.7 hours for Mr. Berg and .4 hours for Mr. Bragg be deducted from the fee award on this basis.

### 3.    **Initial Disclosures**

Plaintiff seeks fees for 1 hour of Mr. Berg's time to "prepare draft 26(f) letter & Initial disclosures; review and revise 26(f) letter & Initial Disclosures." Berg Decl. re Consumer Law Experience, Ex. A (Berg time sheets), June 10, 2006 entry. In addition, Plaintiff seeks .1 hours for Ms. Carter's work on June 12, 2006, to "draft Initial Disclosures." Bragg Decl., Ex. 1 (Bragg time

sheets), June 12, 2006 entry. Defendant argues that Mr. Berg's time should be reduced to .2 hours because the initial disclosures are boilerplate. Defendant further asserts that Ms. Carter's time should be excluded because it was ostensibly completed two days after the date on the Initial Disclosures. *See* Coleman Decl., Ex. H (Initial Disclosures).

With respect to Mr. Berg's time, the Court notes that the hour billed includes not only the initial disclosures – which are, once again, boilerplate – but also time spent drafting and revising a Rule 26(f) letter. Defendant has not raised any objection with respect to the Rule 26(f) letter. Although block billing of this sort is disfavored, the Court concludes that an hour spent on these two tasks is not unreasonable. Therefore, it is not recommended that a reduction be made on this basis.

With respect to Ms. Carter's time, the Court is troubled by the discrepancy between the date on the Initial Disclosures and the subsequent time entry for drafting those disclosures, which calls into question the reliability of the time sheets provided by Plaintiff in support of the Motion. On this basis, the .1 hour billed by Carter should be excluded.

### 4. Motion to Compel

Plaintiff seeks fees for 2.05 hours of Mr. Berg's time to prepare the Motion to Compel and .75 hours to "[r]espond to Defendant's continuation [sic] request." Defendant asserts that this amount should be reduced because 1 hour of the time billed for work on the Motion to Compel was for time entries dated 10 days *after* the Motion to Compel was filed. In addition, Defendant points out that Plaintiff billed for .75 hours for work on a response to Defendant's request for a continuance on the Motion to Compel but never filed any response. The Court concludes that the deductions requested by Defendant are warranted.

As discussed above, the Court is concerned about the reliability of the time sheets provided by Plaintiff. Although Defendant in its Opposition questioned the hour that was billed ten days after the Motion to Compel was filed, Plaintiff offered no explanation for this inconsistency in her Reply brief. Clearly, this hour should be excluded. Further, Plaintiff fails to explain why .75 hours for work on a response that was never filed is reasonable. For these reasons, it is recommended that 1.75 hours of work by Mr. Berg be excluded.

12

### 5. Joint Case Management Statement and Case Management Order

Plaintiff seeks fees for 2 hours of Mr. Berg's time to prepare the Joint Case Management Statement and .6 hours of Mr. Bragg's time in connection with the Joint Case Management Statement. In addition, Mr. Berg seeks fees for 1.2 hours to review the Court's case management order. This time is excessive. Given that the issues raised in this case are substantially the same as those raised in other cases in which Berg has represented FDCPA plaintiffs, such as *Camacho* and *Guevarra*, an hour of Mr. Berg's time and .5 hours of Mr. Bragg's time should have been ample with respect to preparation of the Case Management Statement. Further, .5 hours would have been sufficient for review of the 4-page case management order. Therefore, it is recommended that on this basis, 1.7 hours of Mr. Berg's time be excluded and .1 hours of Mr. Bragg's time be excluded.

### 6. ADR Paperwork

Plaintiff seeks fees for 1.15 hours of work by Mr. Berg for two entries: one for .4 hours to "[p]repare ADR statement; review file for facts & ADR requirements" and another for .75 hours to "[f]inalize ADR statement & rule compliance." Defendant asserts in its Opposition that this is excessive because the only ADR document Plaintiff filled out was a form requesting ADR. *See* Coleman Decl., Ex. I. This form is very simple, requiring only that a box be checked and that the parties and their counsel by listed. In her Reply, Plaintiff does not provide any further explanation regarding the "ADR statement."

Because Plaintiff has not responded to Defendant's challenge or identified the ADR statement for which fees are sought, the Court cannot determine whether time billed for this task was reasonable. Accordingly, it is recommended that the time billed by Mr. Berg for these entries be reduced by .5 hours.

### 7. Work Completed After Rule 68 Offer

Defendant asserts that Plaintiff billed "make work" between receiving the Rule 68 offer, on September 26, 2006, and accepting it, on October 3, 2006. In particular, Plaintiff seeks fees for the following time for this period: 1) .25 hours by Mr. Berg to confer with his client and an associate regarding the Rule 68 offer; 2) .3 hours by Mr. Bragg to review the Rule 68 offer and discuss that offer in a telephone conference with Mr. Berg; 3) .4 hours by Mr. Bragg to review Defendant's

13

discovery responses; and 4) .5 hours by Mr. Bragg to prepare and e-file the acceptance of the Rule 68 offer. The Court concludes that the time billed for this period was reasonable.

### 8. Fee Motion

Plaintiff seeks fees for work on this Motion, including fees for: 1) 6.5 hours by Mr. Berg spent preparing his billing records and declarations; 2) .2 hours spent by Ms. Carter preparing a fees and costs report; 3) 1.1 hours by Mr. Bragg, claimed in his supplemental declaration, filed after briefing on the Motion had been completed; and 4) 4.2 hours spent by Mr. Bragg's associate, Craig Shapiro, also claimed in Mr. Bragg's supplemental declaration. This amount is unreasonable.

First, Mr. Berg's time includes between 1 and 2 hours devoted to "prepar[ing] attorney records" for the fee application.[9] Mr. Berg fails to explain what this "preparation" consisted of. To the extent it may have been time spent recreating after-the-fact billing records that should have been kept on a contemporaneous basis, fees for this task should not be awarded.

Second, Mr. Berg billed for approximately 5.5 hours to draft a "narrative" in support of the fee motion. The Court concludes that the "narrative" to which Mr. Berg refers is the description of this action contained in Docket Number 29. This narrative is approximately 2-1/2 pages long, with the remainder of the declaration containing boilerplate language. Given Mr. Berg's background and expertise, 1 hour would have been a reasonable amount of time to spend on the narrative.

Third, the additional 5.3 hours sought for work by Mr. Bragg and Mr. Shapiro for the fee motion is grossly excessive. Both Mr. Berg and Mr. Bragg have filed countless similar motions and the motion filed was largely boilerplate. The Court concludes that 2 hours by Shapiro and 1 hour by Bragg for work on the fee motion would have been reasonable.

It is recommended that fees for work by Mr. Berg be reduced by 5.5 hours, fees for work by Mr. Bragg be reduced by .1 hours, and fees for work by Mr. Shapiro be reduced by 2.2 hours on this basis.

---

[9] It is impossible to determine the exact amount because of the block billing used in Berg's time sheets.

14

### 9. Overhead Costs and Clerical Activities

Defendant challenges the following time entries for work it asserts is clerical or overhead: 1) .25 hours by Mr. Berg on April 1, 2006, to "[e]stablish docket for litigation"; 2) .5 hours by Mr. Berg on April 15, 2006, to "assemble documents for court filing"; 3) .25 hours by Mr. Berg on June 24, 2006, to "[f]ax to associate data on service"; 4) .25 hours by Mr. Berg on June 24, 2006, for "[a]dministration of compliance dates"; 5) .2 hours by Mr. Berg for "[f]ile management [and to] calendar date for answer receipt; 6) .1 hour by Mr. Bragg on May 23, 2006, to "[p]repare client retainer agreement"; 7) .1 hours by Mr. Bragg on June 1, 2006, to discuss the status of the case with Mr. Berg in a telephone conference; 8) .1 hours by Mr. Bragg to review the docket sheet and e-mail Mr. Berg regarding Mr. Bragg's pro hac vice application. The Court concludes that some of the time billed for these tasks should be excluded.

It is established that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (5th Cir. 1974)). The first six time entries listed above appear to be purely clerical. The last two do not. Therefore, it is recommended that 1.45 hours for Berg and .1 hours for Mr. Bragg be excluded on this basis.

### 10. Fees for O. Randolph Bragg and Shannon Carter

Defendant asserts that fees for Mr. Bragg and Ms. Carter be excluded on the basis that Mr. Bragg's pro hac vice application was not granted. As there appears to be no reason in the record why Bragg's pro hac vice application should not be granted, it is recommended that the Court grant that motion and that Bragg's and Carter's fees be awarded except to the extent that they have been found unreasonable in the preceding discussion.

### D. Costs

Plaintiff seeks $560.00 in costs. Defendant stipulated at oral argument that these costs are reasonable. Therefore, Plaintiff should be awarded $560.00 in costs.

## IV. CONCLUSION

For the reasons stated above, it is recommended that Plaintiff be awarded $8,458.00 in fees and costs, as reflected below:

|  | **Berg** | **Bragg** | **Carter** | **Shapiro** |
|---|---|---|---|---|
| **Hours Sought** | 29.35 hours | 7.8 hours | .4 hours | 4.2 hours |
| **Recommended Reduction** | 16.1 hours | 1.3 hours | .1 hours | 2.2 hours |
| **Total Lodestar** | 13.25 hours x $350.00/hour = $4,637.50 | 6.5 hours x $435.00/hour = $2,827.50 | .3 hours x $110.00/hour = $33 | 2 hours x $200.00/hour = $400 |

**Total Attorneys' Fees:** $7,898.00

**Total Costs:** $560.00

**Total:** $8,458.00

In addition, the Court should GRANT Mr. Bragg's pro hac vice application (Docket No. 3).

Dated: April 23, 2007

JOSEPH C. SPERO
United States Magistrate Judge