**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| MYRNA ABAD, | No. C 06-2550 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 3, 56, 57] |
| WILLIAMS, COHEN & GRAY, INC., | |
| Defendant. | |

Defendant Williams, Cohen & Gray, Inc. has filed an objection to the Magistrate's Report and Recommendation Regarding Plaintiff's Motion for an Award of Costs and Attorney Fees [Docket No. 56], and requests the Court to review and adjust the attorneys' reasonable hourly rates as determined by the report [Docket No. 57].

For the reasons that follow, the Court ADOPTS in part, and MODIFIES in part, the Report and Recommendation issued by Magistrate Judge Joseph C. Spero. The Court also grants attorney O. Randolph Bragg's *pro hac vice* application [Docket No. 3].

**BACKGROUND**

On April 12, 2006, plaintiff Myrna Abad filed a complaint alleging that defendant Williams, Cohen & Gray, Inc. (WCG) violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* and the California Fair Debt Collection Practices Act (CA FDCPA), Cal. Civ. Code §§ 1788 *et seq.* Her counsel, Irving Berg, subsequently invited attorney O. Randolph Bragg to assist him in the case, and Bragg filed a *pro hac vice* application for that purpose.

On September 26, 2006, WCG served Abad an offer of settlement pursuant to Federal Rule of Civil Procedure 68, agreeing to pay Abad $2,000.00 and "reasonable attorneys' fees and costs to be determined by the Court." Docket No. 22. Abad accepted the offer on October 3, 2006 and thereafter requested the Court to determine reasonable attorneys' fees and costs. *See* Docket No. 27.

Magistrate Judge Joseph C. Spero determined that Abad be awarded $8,458.00 in reasonable attorneys' fees and costs. *See* Docket No. 56. Judge Spero found that the attorneys' reported time was excessive given the case's straightforward nature, and adjusted the hours accordingly. He also reduced attorney Berg's hourly rate from the requested $425.00/hour to $350.00/hour, and attorney Bragg's hourly rate from $450.00/hour to $435.00/hour.

WCG has filed a memorandum specifically objecting to Judge Spero's recommended hourly rates for Bragg and Berg. *See* Docket No. 58. WCG argues that, given the weight of the evidence and the relative simplicity of the case, the reasonable hourly rate should be set within the range of $200.00 to $250.00/hour.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to hear and file a recommendation for disposition of matters dispositive of a party's claims or defenses, and a party objecting to the recommendation may file a timely objection. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Under the statute, the district judge shall make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A motion to determine a party's claim for attorney's fees is a dispositive motion. *See O'Connor*, 6 F.3d at 659.

The FDCPA entitles a successful plaintiff to reasonable attorneys' fees as determined by the Court. 15 U.S.C. § 1692k(a)(3). This Circuit has adopted the "lodestar" approach for determining reasonable attorney's fees. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court must calculate the lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Jordan,* 815 F.2d at 1258. While the lodestar is strongly presumed to be reasonable, it may be adjusted

2

on the basis of other considerations that have not already been subsumed in the initial lodestar calculation. *Id.* The Court is to provide a concise but clear explanation of how it arrived at its calculations. *Hensley*, 461 U.S. at 437.

### A. Reasonable hourly rate

The Court must use its discretion when determining a reasonable hourly rate that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," but it is the fee applicant's burden to produce satisfactory evidence to assist the Court in its assessment. *Blum v. Stenson*, 465 U.S. 886, 896 (1984). "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

### B. Hours reasonably expended

The fee applicant bears the burden of documenting the appropriate hours expended on the litigation. *Hensley*, 461 U.S. at 437. The Court may adjust the reported hours if it finds that they are unreasonably excessive, redundant or otherwise unnecessary. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted).

**ANALYSIS**

WCG specifically objects to the hourly rate recommended by Magistrate Judge Spero, but does not object to his calculation of Berg's and Bragg's expended hours. Therefore, under 28 U.S.C. § 636(b)(1)(B), the Court shall only make a *de novo* determination of the hourly rate assessment, and accept, reject or modify it if necessary.

WCG argues that the recommended hourly rates of $350.00/hour (Berg) and $435.00/hour (Bragg) are excessive because: 1) the recommended rates are not the prevailing market rates; 2) this case's relative simplicity does not call for such rates; and 3) neither Berg nor Bragg provided adequate support for their requested hourly rates.

3

### A.     Prevailing market rates in the community

As evidence of the community's prevailing market rates, Berg and Bragg each cite to recently litigated FDCPA cases in the Northern District of California. Judge Spero found that Bragg's cited case of *Defenbaugh v. JBC & Assoc.*, 2004 WL 1874978 (N.D. Cal. Aug. 10, 2004) was the most persuasive because it was the most recent case cited, and the court in that case had actually awarded Bragg $435.00/hour. For Berg, Judge Spero was persuaded by *Irwin v. Mascott*, because the attorney in that FDCPA case had been awarded $350.00/hour. Case No. C-97-4737 JL (N.D. Cal. Sept. 11, 2002).

WCG argues that *Defenbaugh* is not persuasive because it bears no similarity to this case. In *Defenbaugh,* the court relied on *Irwin v. Mascott*, Case No. C-97-4737 JL (N.D. Cal. Sept. 11, 2002), to make its determination of reasonable hourly rates, but WCG also contends that *Irwin* is not relevant because the fees awarded were based on an uncontested motion subject to the terms of a settlement agreement.

WCG also introduces other cases to substantiate its argument that the prevailing market rate is in the range of $200.00 to $250.00/hour. WCG cites two cases from the Southern District of New York which are somewhat persuasive because that district has a comparable cost of living to this district, and so its prevailing market rates are likely to be similar to this district. *See Dowling v. Kucker Kraus & Bruh, LLP*, 2005 WL 1337442 (S.D.N.Y. July 6, 2005); *Cooper v. Sunshine Recoveries, Inc.*, 2001 WL 740765 (S.D.N.Y. June 27, 2001). Another cited case, *Yahoo!Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179 (N.D. Cal. 2004), is also somewhat persuasive. While it is a trademark infringement case and not a FDCPA case, it was heard in this district, and the court found that a reasonable hourly rate for San Francisco area attorneys was $190.00/hour. *See Yahoo!Inc.*, 329 F. Supp. 2d at 1192. However, several of WCG's cited cases are not persuasive because they were heard in jurisdictions such as Florida, Oregon, and Ohio, where the costs of living are likely to be lower than this jurisdiction, and correspondingly the prevailing market rates are likely to be lower.

WCG does cite a recent FDCPA case in this district, *Camacho v. Bridgeport Financial*, 2007 WL 196681 (N.D. Cal. Jan. 24, 2007), which did not persuade Judge Spero because that court did not consider the prevailing market rates nor the individual attorneys' qualifications. Although *Camacho* on its own may not be sufficiently persuasive, it is part of a recent trend of cases in this district awarding

4

1  hourly rates of $250.00/hour to attorneys in FDCPA actions. For instance, as recently as April 2007,
2  Bragg was awarded the hourly rate of $250.00/hour in *Lea v. Cypress Collections*, 2007 WL 988184
3  (N.D. Cal. April 2, 2007). In *Lea,* a FDCPA case similar to this case, the court based its reasonable
4  hourly rate assessment on the complexity of the case, other decisions within the district, and prevailing
5  rates in the marketplace. And while Berg has not been awarded attorney fees in comparably recent cases,
6  other similarly experienced attorneys in recent FDCPA cases have generally been receiving hourly rates
7  of $250.00/hour. *See, e.g., Antiel v. G.C.S. Credit Systems, Inc., et al.,* Case No. C-05-04604 RMW
8  (N.D. Cal. March 17, 2006) (holding that $250/hour was a reasonable rate for experienced FDCPA
9  attorney Ronald Wilcox); *Johnson v. Credit Int'l, Inc., et al.*, 2005 WL 2401890 (N.D. Cal. July 28,
10 2005) (holding that $250/hour was a reasonable rate for experienced FDCPA attorneys Paul Arons and
11 Bragg).

12  A court is justified in relying on a requesting counsel's recently awarded fees when setting that
13 counsel's reasonable hourly rate. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998) (holding that
14 the district court had not abused its discretion by awarding a lower hourly rate to the requesting counsel,
15 despite the counsel's submitted declarations, because the counsel had recently been awarded the lower
16 rate). Therefore, the Court is more persuaded by more recently litigated FDCPA cases in this district than
17 the cases cited by Berg and Bragg, given that the most recent case actually awarded Bragg a rate of
18 $250.00/hour. The prevailing market rate is thus set at $250.00/hour.

19  **B.  Complexity of litigation**

20  WCG additionally argues that this case's lack of complexity should factor into the reasonable
21 hourly rates for Berg and Bragg. In his report, Judge Spero takes this factor into consideration when he
22 assesses the attorneys' reasonable time spent preparing for litigation, and reduced the reported hours
23 accordingly.

24  Because the complexity factor is one that is subsumed in Judge Spero's uncontested reasonable
25 time calculation, the Court will not reevaluate it in terms of the reasonable hourly rate assessment.
26 Furthermore, the prevailing market rate of $250.00/hour has already been set in light of recently litigated
27 FDCPA cases of similar complexity.

28  **C.  Berg and Bragg's submitted declarations**

5

Berg and Bragg submitted their own declarations in support of their requested hourly rates. Berg also included past declarations from two other attorneys, Mark A. Chavez and James C. Sturdevant. WCG argues that the declarations provide inadequate support for the requested hourly rates.

Bragg's declaration does not reference his most recently awarded hourly rate of $250.00/hour in *Lea v. Cypress Collections*. As discussed above, the most recent case he refers to, *Defenbaugh v. JBC & Assoc.*, was heard in 2004. Moreover, he has not submitted any declarations by other attorneys which attest that his requested hourly rates are in line with those prevailing in the community. Therefore, the Court finds that Bragg's own declaration does not sufficiently support his requested hourly rates.

Because Berg has not been awarded any fees as recently as Bragg, it is reasonable that he has only submitted his own declaration and the other two declarations as evidence. However, in the original case for which the Chavez and Sturdevant declarations had been submitted, the court reduced the requested attorney's fees for Berg and Bragg. *See Bracamonte v. Eskanos & Adler, P.C., et al.,* 2004 WL 1146624 (N.D. Cal. May 27, 2004). In *Bracamonte*, Berg and Bragg had initially requested $106,839.97 in attorney's fees and costs, which was reduced through the parties' settlement to $85,000, and again reduced by the court to $77,941.34. *Id.* While the court did not provide a detailed explanation for the reduction, in doing so it implied that the Chavez and Sturdevant declarations were not sufficiently persuasive for it to uphold the attorneys' requested rates. Furthermore, the declarations were written in the context of 2004 market rates, and as discussed above, as recently as April 2007, this Court has deemed $250/hour to be a reasonable and prevailing hourly rate.

Parenthetically, the Court notes that the declarations submitted by WCG's own counsel in opposition to Berg and Bragg's requested rates are likewise insufficient evidence of the prevailing market rates. WCG's counsel has not submitted other attorneys' declarations regarding the prevailing market rates; such declarations would have provided the Court with a more well-rounded perspective of the marketplace. Nevertheless, based on the reasons stated above, the Court agrees with WCG's primary argument that Berg and Bragg's submitted declarations are insufficient evidence of the prevailing market rates.

**CONCLUSION**

Accordingly, the Court modifies Judge Spero's recommended hourly rates of $435.00/hour and $350.00/hour to $250.00/hour. In light of recently awarded hourly rates in this jurisdiction, the Court finds that $250.00/hour is a reasonable and prevailing market rate for FDCPA cases of similar complexity.

For the reasons stated above, the Court finds that Williams, Cohen & Gray, Inc. should pay the following fees and costs to Myrna Abad:

|  | **Berg** | **Bragg** | **Carter** | **Shapiro** |
|---|---|---|---|---|
| **Hours** | 13.25 hours | 6.5 hours | .3 hours | 2 hours |
| **Hourly rate** | $250.00 | $250.00 | $110.00 | $200.00 |
| **Total** | $3,312.50 | $1,625.00 | $33.00 | $400.00 |

**Total Attorney's Fees**: $5,370.50

**Total Costs**: $560.00

**Total**: $5,930.50

The Court ADOPTS in part, MODIFIES in part, the Report and Recommendation issued by Magistrate Judge Spero [Docket No. 56]. The court also grants Bragg's *pro hac vice* application [Docket No. 3].

IT IS SO ORDERED.

June 25, 2007

Saundra Brown Armstrong
United States District Judge