**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MYRNA ABAD,

    Plaintiff,

v.

WILLIAMS, COHEN & GRAY, INC.,

    Defendant.

No. C 06-02550 SBA

**ORDER**

[Docket No. 61]

**INTRODUCTION**

Before the Court is plaintiff Myrna Abad's Motion for Leave to File Motion for Reconsideration [Docket No. 61] requesting under Civil Local Rule 7-9, the Court grants her leave to file a motion requesting the Court reconsider its Order of June 26, 2007 [Docket No. 60], adopting in part and modifying in part Magistrate Judge Spero's recommendations regarding Abad's attorneys' fees. For the reasons discussed below, the Court grants Abad's motion.

**BACKGROUND**

On April 12, 2006, plaintiff Myrna Abad sued Williams, Cohen & Gray, Inc. ("WCG") alleging it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. *See* Docket No. 1. On May 24, 2006, Abad filed a first amended complaint. *See* Docket No. 4. Abad then accepted WCG's offer of judgment, and dismissed her matter. *See* Docket No. 26 (Judgment).

On October 10, 2006 Abad filed a Motion for an Award of Attorneys Fees and Costs. *See* Docket No. 27. On January 1, 2007, the Court referred this motion to Magistrate Judge Spero. *See* Docket No. 46. On April 23, 2007, Magistrate Judge Spero submitted his Report and Recommendations to the Court. *See* Docket No. 56. Objections were due by May 7, 2007. *See* Docket entry dated 4/23/2007. On May 7, 2007, WCG filed its Objections. *See* Docket No. 57. Abad did not file a response.

///

On June 26, 2007, the Court adopted in part and modified in part the Report and Recommendations. *See* Docket No. 60 ("Order"). As a result, the Court decreased the hourly rates for Irving L. Berg and O. Randolph Bragg, two of Abad's four attorneys, from $350 and $435, respectively, to $250. Order at 3, 7. This decreased Abad's total attorneys' fees from 7,898.00 to $5,370.50, or by approximately 32%. *See id.* On July 2, 2007, Abad filed a Motion for Leave to File Motion for Reconsideration, requesting under Civil Local Rule 7-9, the Court grant her leave to file a motion requesting the Court reconsider its June 26, 2007 order. *See* Docket No. 61. On August 3, 2007, WCG filed a response. *See* Docket No. 62.

**LEGAL STANDARD**

Civil Local Rule 7-9(a) states:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

Civ. L.R. 7-9(a).

Federal Rule of Civil Procedure 54 governs the process for determining attorney's fees. As Rule 54(d)(2) states, in part, fees are generally awarded *after* judgment has been rendered:

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award[.]

Fed. R. Civ. P. 54(d)(2).

In awarding attorney's fees, a Court "must find the facts and state its conclusions of law as provided in Rule 52(a)." Fed. R. Civ. P. 54(d)(2)(c). The general practice under Rule 52(a) is for a court to make its findings of fact and conclusions of law, then issue a separate judgment under Rule 58. As Rule 52(a)(1) states:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

Fed. R. Civ. P. 52(a)(1).

Rule 58(a), however, does not require a judgment issue for "an order disposing of a motion: (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60." Fed. R. Civ. P. 58(a). This concept is reinforced by the fact these are final appealable orders, and do not require a judgment to trigger a right of appeal. *See*, *e.g.*, *Anderson v. Melwani*, 179 F.3d 763, 766 (9th Cir. 1999) (after entire matter was dismissed on defendant's motion, defendant filed a motion for attorney's fees, which was denied, leading to a motion to reconsider, which was denied, leading to an appeal on the fees issue only).

**ANALYSIS**

Civil Local Rule 7-9 only requires a party to seek the Court's leave to file a motion to reconsider, when a party seeks reconsideration of an *interlocutory* order made "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civ. L.R. 7-9. Here, the Court entered judgment on October 13, 2006. Abad filed her motion for leave on July 2, 2007, *after* judgment had been entered.

As Rule 54(d)(2) makes clear, except for cases where attorney's fees are an element of damages, a motion for fees is generally made within 14 days *after* judgment. And, as Rules 52(a)(1) and 58(a) make clear, when a court makes its findings of facts and conclusions of law, in ruling on a motion for fees, *no judgment need follow*, and the parties are then free to appeal that specific order,

if they desire, as the defendant in *Anderson* did.  Thus, as Local Rule 7-9 is inapplicable to *post-judgment* orders, such as the Court's June 26, 2007 order at issue here, Abad's motion is unnecessary.  Nonetheless, to expedite post-trial matters, the Court grants it.

### CONCLUSION

Accordingly, the Court GRANTS plaintiff Myrna Abad's Motion for Leave to File Motion for Reconsideration [Docket No. 61], and sets the following briefing schedule:  Abad shall file her motion by March 24, 2008; WCG shall file its opposition, if any, by March 31, 2008; and, Abad shall file her reply, if any, by April 4, 2008.  The Court will adjudicate the motion without a hearing, upon close of the briefing.

IT IS SO ORDERED.

March 17, 2008

　　　　　　　　　　　　　　　　　　_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge